# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

## C.A. NO. #24-1589
_____

## United States of America,

**Appellee**

**v.**

## Luis Algarin-Torres.

**Appellant.**

_____

### APPELLANT'S OPENING BRIEF AND APPENDIX VOLUME I

Appellant Algarin-Torres' appeal from the March 20, 2024 judgment of sentence entered against him by the Honorable Paul s. diamond of the Eastern District Court of Pennsylvania at 2:18-cr-00180 (E.D. Pa)

_____

**TODD M. MOSSER**
Attorney for Algarin-Torres
I.D. No. 87534

**MOSSER LEGAL, PLLC**
100 South Juniper Street
Philadelphia, PA  19107
267-207-2805

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT…………….…………………………….1

STATEMENT OF RELATED CASES AND PROCEEDINGS……………..3

STATEMENT OF THE ISSUES AND STANDARDS OF REVIEW………3

STATEMENT OF THE CASE……………………………………………4

SUMMARY OF ARGUMENTS……………………………………………7

ARGUMENT……………………………………………………………..8

      I.     THE DISTRICT COURT ERRED WHEN IT DENIED TORRES'
             MOTION FOR JUDGMENT OF ACQUITTAL ON COUNT
             11.…………………………………………………8

      II.    IN THE ALTERNATIVE, THIS CASE SHOULD BE REMANDED
             SO THAT THE JURY CAN BE INSTRUCTED THAT IT MUST
             FIND THAT TORRES KNEW THE FIREARM WAS A MACHINE
             GUN IN ORDER TO CONVICT HIM OF VIOLATING 18 U.S.C. §
             924(c)(1)(B)(ii). …………………………………….17

CONCLUSION……………………………………………………………..21

CERTIFICATION OF BAR MEMBERSHIP………………………………22

CERTIFICATION OF WORD COUNT………………………………….22

CERTIFICATE OF SERVICE………………………………………….23

CERTIFICATION OF IDENTICAL COMPLIANCE OF BRIEFS………23

CERTIFICATION OF VIRUS CHECK………………………………...24

ATTACHMENT I:  VOLUME I OF APPENDIX………………………...25

## TABLE OF CITATIONS

*Dean v. United States*, 556 U.S. 568, (2009)……………………………………..11

*Griffith v. Kentucky*, 479 U.S. 314, 322 (1987)…………………………………19, 20

*In re Winship*, 397 U.S. 358 (1970)………………………………………………..16

*Morissette v. United States* 342 U.S. 246, 249 (1952)……………………………10

*Ratzlaf v. United States*, 510 U.S. 135 (1994)……………………………………19

*Rehaif v. United States,* 139 S. Ct. 2191, 2196 (2019)……………………………10

*Staples v. United States*, 511 U.S. 600, 605 (1994)…………………………..passim

*United States v. Atkinson*, 297 U.S. 157, 160 (1936)……………………………..16

*United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)………………………..8

*United States v. Flores*, 454 F.3d 149, 154 (3d Cir.2006)…………………………3

*United States v. Gambone*, 314 F.3d 163 (3d Cir. 2003))………………………………………………………………..passim

*United States v. Jones*, 21 F.3d 165 (7th Cir. 1994)………………………..…19

*United States v. O'Brien*, 560 U.S. 218, 222 (2010)…………………………….11

*United States v. Olano*, 507 U.S. 725 (1993)………………………………….18,19

*United States v. Perez-Greaux*, 83 F.4th 1(1st Cir. 2023)…………………..passim

*United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)…………………..passim

*United States v. Rogers*, 18 F.3d 265 (4th Cir. 1994)……………………………..20

*United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008)………………..…15

*United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002)…………………………9

*United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001)…………………………9

*United States v. Xavier*, 2 F.3d 1281, 1287 (3d Cir. 1993)………………………..19

*United States v. Young*, 470 U.S. 1, 15 (1985)……………………………………16

18 U.S.C. § 924(c)(1)(B)(ii)……………………………………………………passim

Model Penal Code § 2.02(4)………………………………………..…13

F.R.Cr.P. 29…………………………………………………………………...passim

F.R.Cr.P. 52…………………………………………………………………………..passim

# JURISDICTIONAL STATEMENT

## A.  Subject Matter Jurisdiction

On December 19, 2018, a Grand Jury in the Eastern District of Pennsylvania returned a 25-count superseding indictment against Appellant Luis Algarin-Torres ("Torres") and four co-defendants. The superseding indictment charged Torres with conspiracy to distribute controlled substances (heroin, fentanyl, and cocaine), in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(B) (Count 1); distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 8, 10, 12, 14, 16, 19); distribution of a controlled substance within 1,000 feet of a protected location, in violation of 21 U.S.C. § 860(a) (Counts 9, 11, 13, 15, 17, and 20); maintaining a drug house, in violation of 21 U.S.C. § 856 (Count 22); possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 23), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 24); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 25).

On March 14, 2019, Torres appeared before the Honorable J. Curtis Joyner and pled guilty to Counts 1, 8-17, 19, 20, 22, and 23 (all of the drug trafficking charges) of the Superseding Indictment. Torres elected to go to trial on the

firearms counts, 24 and 25 (which were later renumbered as counts 11 and 12 in a subsequent superseding indictment). On March 31, 2023, after a three-day trial, a jury found Torres guilty of both firearms counts. The jury further found that the firearm that Torres possessed in furtherance of a drug trafficking crime had been modified to fire automatically.

On March 20, 2024, the District Court sentenced Torres to a term of an aggregate of six hundred-twenty-two (622) months of incarceration followed by an aggregate of six years of supervised release. Specifically, Torres was sentenced to two-hundred sixty-two months incarceration for the drug charges and a mandatory minimum term of thirty years' incarceration for violating 18 U.S.C. § 924(c)(1)(B)(ii).

Subject matter jurisdiction was conferred upon the District Court by 18 U.S.C. §3231.

## B. **Appellate Jurisdiction**

This is an appeal from the conviction entered on March 31, 2023, and the judgment of sentence entered against Torres by the District Court on March 20, 2024, wherein the Court sentenced him to a total of six hundred twenty-two (622) months of incarceration followed by an aggregate of six (6) years of supervised release. This Court has jurisdiction to review the conclusions of law entered by the

District Court pursuant to 28 U.S.C. § 1291. Also, this Court has jurisdiction to review the final sentence pursuant to 18 U.S.C. §3742(a).

## STATEMENT OF RELATED CASES AND PROCEEDINGS

There are no related cases or proceedings.

## STATEMENT OF THE ISSUES AND STANDARDS OF REVIEW

I.  **Did the District Court err when it denied Torres' Motion for Judgment of Acquittal on Count 11 because the evidence did not establish that Torres possessed the requisite *mens rea* to be convicted of 18 U.S.C. § 924(c)(1)(B)(ii)?**

Preservation, Ruling, and Standard of Review

This issue was not raised at the time of trial but was raised in Torres' post-verdict motion filed on December 12, 2023. *See*, APPX Vol. II at 001-009. The District Court denied the motion on February 21, 2024. *See*, APPX Vol. I at 002.

This Court reviews the grant or denial of a motion for judgment of acquittal *de novo*, applying the same standard as the district court. *United States v. Flores*, 454 F.3d 149, 154 (3d Cir.2006). This Court must "sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision." Id. (quoting *United States v. Gambone*, 314 F.3d 163, 169–70 (3d Cir.2003)).

**II.    Did the District Court err when it failed to instruct the jury that it must find that Torres knew that the firearm he was found to possess was a machine gun?**

<u>Preservation, Ruling, and Standard of Review</u>

This issue was not raised at the time of trial, but rather was raised in Torres' post-verdict motion filed on December 12, 2023.  *See*, APPX Vol. II at 001-009. The District Court denied the motion on February 21, 2024.  *See*, APPX Vol. I at 002.

Inasmuch as Torres did not object to the jury instructions at trial or request the instruction he now says was required; this Court must examine the charge for plain error. See *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994). Thus, for this Court to grant him relief "[t]here must be an 'error' that is 'plain' and that 'affects substantial rights.' *United States v. Gambone*, 314 F.3d 163, 182 (3d Cir. 2003).

## **STATEMENT OF THE CASE**

### **A. Procedural History**

On December 19, 2018, a Grand Jury in the Eastern District of Pennsylvania returned a 25-count superseding indictment against Torres and four co-defendants. The superseding indictment charged Torres with conspiracy to distribute controlled substances (heroin, fentanyl, and cocaine), in violation of 21 U.S.C. § 846,

841(a)(1), (b)(1)(B) (Count 1); distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 8, 10, 12, 14, 16, 19); distribution of a controlled substance within 1,000 feet of a protected location, in violation of 21 U.S.C. § 860(a) (Counts 9, 11, 13, 15, 17, and 20); maintaining a drug house, in violation of 21 U.S.C. § 856 (Count 22); possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 23), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 24); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 25).

On March 14, 2019, Torres appeared before the Honorable J. Curtis Joyner and pled guilty to Counts 1, 8-17, 19, 20, 22, and 23 (all of the drug trafficking charges) of the Superseding Indictment. He elected to go to trial on the firearms counts, 24 and 25 (which were later renumbered as counts 11 and 12 in a subsequent superseding indictment). On March 31, 2023, after a three-day trial, a jury found Torres guilty of both firearms counts. The jury further found that the firearm that Torres possessed in furtherance of a drug trafficking crime had been modified to fire automatically.

### B. Factual history

As stated by the District Court:

"From November 2016 through February 2018, the Drug Enforcement

Administration investigated Torres, his co-conspirators, and their drug packaging and distribution enterprise. A confidential source arranged several controlled drug purchases from Torres and his co-conspirators. During a May 22, 2017 controlled crack cocaine purchase at Torres's home—where he lived with his fiancé and children—the source saw Torres take the drugs from a compartment hidden above the light fixture in his laundry room.

On May 10, 2018, police arrested Algarin-Torres at his home, which they searched, finding cash, crack cocaine, and a Glock handgun hidden in the light fixture compartment. Loaded with 18 rounds of live ammunition, the Glock had been modified to fire automatically.

Torres and his co-defendants were charged with drug, firearms, and related offenses. On March 15, 2019, Torres pled guilty to the drug trafficking charges. He thus admitted that the crack and cash found in the compartment with the Glock were his. He denied that the gun was his, however. On February 20, 2020, the Grand Jury returned a Second Superseding Indictment charging Algarin-Torres with the firearm crimes.

At trial, Torres freely acknowledged that he was a drug dealer, but denied the Glock was his. Rather, he sought to convince the jury that the gun belonged to one of his co- conspirators who also had access to the house. (N.T. 3/31/23 at

33.) His former cellmate, W.C., testified, however, that Torres had told him that the gun was his and had a "switch," allowing it to fire automatically. (N.T. 3/29/23 at 187-90.) The confidential source also testified that she had seen Algarin-Torres carry a gun and gain access to the hidden compartment. (N.T. 3/28/23 at 108-13.)

In a special interrogatory, the jury found that the Glock had been modified to work as a machine gun. (Doc. No. 327 at 2.) Torres did not argue that knowledge of the gun's alteration was an element of § 924(c)(1)(B)(ii). Accordingly, the jury was not instructed—and did not explicitly find—that Torres knew that the Glock had been modified to fire automatically. The jury found Torres guilty of both Counts."

*See,* APPX VOL I at 003-005.

## SUMMARY OF ARGUMENTS

The District Court erred when it denied Torres' Rule 29 Motion for Judgment of Acquittal because *mens rea* is an essential element of 18 U.S.C. § 924(c)(1)(B)(ii); the evidence was not sufficient to support a finding of *mens rea* in this case; and Torres' failure to make this argument at trial should be excused.

In the alternative, Torres' conviction for violating 18 U.S.C. § 924(c)(1)(B)(ii) should be vacated and remanded for a new trial because the jury should have been instructed to ascertain whether Torres' possessed the requisite

*mens rea* required for a conviction.


# ARGUMENT

## I. THE DISTRICT COURT ERRED WHEN IT DENIED TORRES' MOTION FOR JUDGMENT OF ACQUITTAL ON COUNT 11.

### Standard of review:

This Court reviews the grant or denial of a motion for judgment of acquittal *de novo*, applying the same standard as the district court. *United States v. Flores*, 454 F.3d 149, 154 (3d Cir.2006).  This Court must "sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision." Id. (quoting *United States v. Gambone*, 314 F.3d 163, 169–70 (3d Cir.2003)).

This Court exercises "plenary review over a district court's grant or denial of a motion for acquittal based on the sufficiency of the evidence, applying the same standard as the district court." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). This Court views "the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (*quoting United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001)).

**Argument:**

Torres argued below that his judgment of sentence for 18 U.S.C. § 924(c)(1)(B)(ii) should be set aside because the government did not prove that Torres knew that the firearm he was convicted of possessing was a machine gun.[1] The District Court denied this argument on three grounds: (i) The government was not required to prove *mens rea*; (ii) even if the government was required to prove Torres' *mens rea*, there was sufficient evidence to prove it; and, (iii) Torres waived the argument by raising it for the first time in a post-verdict motion. *See*, APPX VOL. I at 005-011.

The District Court's rationale on all three points should be rejected.

**A. To be convicted and sentenced for violating 18 U.S.C. § 924(c)(1)(B)(ii), the Government must prove *mens rea*.**

"The understanding that an injury is criminal only if inflicted knowingly 'is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil.'" *See*, *Rehaif v. United States,* 139 S. Ct. 2191, 2196 (2019) (quoting *Morissette v. United States* 342 U.S. 246, 249 (1952)). Consequently, "offenses that require no mens rea generally are disfavored." *See,*

---

[1] Torres disputes that he exercised dominion or control of this firearm and reserves the right to argue such should future proceedings be necessary.

*U.S. Gypsum Co*., 438 U.S. at 437- 38, 98 S.Ct. 2864 ("While strict-liability offenses are not unknown to the criminal law and do not invariably offend constitutional requirements, the limited circumstances in which Congress has created and this Court has recognized such offenses, attest to their generally disfavored status." Proof of *mens rea* "requires proof 'that the defendant know the facts that make his conduct illegal." *Staples v. United States*, 511 U.S. 600, 605 (1994).

18 U.S.C. § 924(c)(1)(B)(ii) states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

>> If the firearm possessed by a person convicted of a violation of this subsection

>>> is a machinegun or a destructive device or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

*See*, 18 U.S.C. § 924(c)(1)(B)(ii).

Though this Circuit has not yet held whether this statute requires the Government to prove *mens rea*, a review of relevant United States Supreme Court precedent warrants this Court's determination that *mens rea* must be proven by the Government beyond a reasonable doubt.

The statute is silent on the issue of whether the Government must prove *mens rea*.  However, silence on this point by itself "does not necessarily suggest that Congress intended to dispense with a conventional mens rea element." *Staples*, 511 U.S. at 605.  "The presumption in favor of scienter" applies "even when Congress does not specify any scienter in the statutory text," and "applies with equal or greater force when Congress includes a general scienter provision in the statute itself").  *Rehaif*, 139 S.Ct. at 2195. There are a number of cases establishing that a presumption of mens rea underlies federal criminal statutes. *Staples*, 511 U.S. at 605, ("[T]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence." (*quoting U.S. Gypsum Co*., 438 U.S. at 436).

Citing *Dean v. United States*, 556 U.S. 568, (2009); and *United States v. O'Brien*, 560 U.S. 218, 222 (2010), the First Circuit has emphasized that the presumption in favor of mens rea applies to the elements of the crime but not sentencing factors. *See, United States v. Perez-Greaux*, 83 F.4th 1(1st Cir. 2023).

In *O'Brien*, the Supreme Court held that the machinegun provision of section 924(c)(1)(b)(ii) is an element of the § 924(c) offense, not just a factor to be considered at sentencing, but "expresse[d] no views on the point" whether a defendant "must be aware of the weapon's characteristics." *See*, *O'Brien* 560 U.S. at 222.

The severity of the attendant sentence is also a factor in assessing whether the presumption applies. As the First Circuit explained:

[In *Staples, supra*],the Supreme Court considered a nearly identical statute to the one before us -- 26 U.S.C. § 5861(d) -- which makes it unlawful for a defendant "to receive or possess" a firearm that is not registered to them, § 5861, including a machinegun, § 5845(a)(6), and includes a penalty of up to ten years. Staples was charged with possessing a rifle that "had been filed away, and ... assembled with an M-16 selector switch and several other M-16 internal parts," making it a machinegun. Staples, 511 U.S. at 602- 03, 114 S.Ct. 1793. He argued that he was ignorant as to the rifle's ability to fire automatically since, for him, it had only fired semiautomatically. Id. at 603-04, 114 S.Ct. 1793. As such, he proposed that the jury be instructed that the government was required to prove that he knew that the gun would fire fully automatically. Id.

While the plain text of § 5861(d) does not contain an explicit mens rea requirement, the Court extended the presumption of mens rea to the provision, concluding that a defendant must know that the firearm is automatic. Id. at 602, 605, 114 S.Ct. 1793. In doing so, the Court emphasized that the "harsh" ten-year "penalty attached to § 5861(d) suggests that Congress did not intend to eliminate a mens rea requirement for violation of the section" because **"[h]istorically, the penalty imposed under a statute has been a significant consideration in determining whether the statute should be construed as dispensing with mens rea." Id. at 616, 619, 114 S.Ct. 1793.** While small penalties might complement the absence of mens rea, the court noted that "[i]n a system that generally requires a 'vicious will' to establish a crime, imposing severe punishments

for offenses that require no mens rea would seem incongruous." Id. at 616-17, 114 S.Ct. 1793.

*See, Perez-Greaux*, 83 F.4th at 19 (emphasis added)[2]. Here, Torres was sentenced to the mandatory minimum of thirty years' incarceration. As in *Staples*, the severity of this sentence inures toward applying the presumption.

Notably, there is no indication from Congress that the presumption in favor of *mens rea* should not apply to § 924(c)(1)(B)(ii). *Accord*, *Staples*, 511 U.S. at 606 ("[S]ome indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime.").

Since "the Supreme Court determined that the automatic character of a firearm is an element of the offense, rather than a sentencing factor, it only follows that § 924(c)(1) (B)(ii) is subject to the *mens rea* presumption." *Perez-Greaux* at 17 *citing* Model Penal Code § 2.02(4) ("When the law defining an offense prescribes the kind of culpability that is sufficient for the commission of an offense, without distinguishing among the material elements thereof, such provision shall apply to all the material elements of the offense, unless a contrary purpose plainly appears.")

---

[2] Thus, the First Circuit held, "it would be inconsistent to hold that no mens rea is required in § 924(c)(1)(B)(ii) while holding that § 5861(d) does contain a mens rea requirement since both statutes employ the same definition of a "machinegun.'" *Id.*

Consequently, this Court should hold that the District Court erred when it decided that the Government did not have to prove Torres' *mens rea* beyond a reasonable doubt.

**B. The evidence was insufficient to prove Torres' *mens rea*.**

Even if the Government were required to prove *mens rea*, the District Court nevertheless concluded that the evidence was sufficient to show that Torres knew that he possessed a machine gun.

The District Court relies on Government witness W.C., who "shared a cell with Torres after his arrest. W.C. testified that Algarin-Torres said he had a "greenish black gun with a switch on it" that "makes [the Glock] fully automatic. I mean, you hold the trigger down, it lets off a lot of rounds, the whole clip." (Doc. No. 345 at 188-189.) Algarin-Torres also told W.C. that the gun had been altered by the person from whom he had purchased it. (Id.)." *See,* APPX VOL I at 010-011.

However, the Government never proved *when* Torres supposedly learned that the firearm had the switch that turned it into a machine gun. In fact, the testimony from W.C. tends to prove that Torres learned the "machine gun" nature of the firearm after he was charged with possessing it. W.C. testified that he reviewed Torres' discovery with him, that Torres stated that other people had put

the switch on the gun, and that Torres never stated that he himself had actually fired the gun.  *See*, N.T. 3/29/23 at 188-189.

Thus, no reasonable juror could find that the Government proved that Torres possessed the requisite *mens rea* required for this conviction.  Defendant's conviction could thus only have been arrived at by speculation,  Torres' Rule 29 Motion should have been granted.  *Accord*, *United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008)(reversing denial of Rule 29 motion where conviction was based on speculation).

## C. <u>Torres' waiver should be excused.</u>

Trial counsel did not argue the lack of *mens rea* in this case until he filed Torres' Rule 29 Motion. The District Court therefore found the instant argument to have been waived.  Torres respectfully requests that this Court excuse the waiver and find that his conviction for violating 18 U.S.C. § 924(c)(1)(B)(ii) is plain error.

Where an issue has been waived, a Court may grant relief only where there is "an error that is plain[,]…affects substantial right[,][and]…seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Gambone*, 314 F.3d 163, 182 (3d Cir. 2003).

Rule 52(b) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." There must

be an "error" that is "plain" and that "affects substantial rights." Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the Court of Appeals, and the court should not exercise that discretion unless the error "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *See*, *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994) (*citations omitted*).

A Court should exercise "its discretion to excuse waiver and find plain error "in those circumstances in which a miscarriage of justice would otherwise result," *Id* (*quoting United States v. Young*, 470 U.S. 1, 15 (1985)), "that is, where the defendant is actually innocent..." *Id* (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)(other citations omitted).

In the instant matter, as demonstrated above, the Government has failed to prove the requisite element of *mens rea*. Thus, Torres' conviction was not secured by sufficient evidence, and as such, should not stand because he is "actually innocent." *Atkinson*, *supra*. *See also*, *In re Winship*, 397 U.S. 358 (1970)(Due Process requires that the Government must prove all elements of a crime beyond a reasonable doubt).

**II.    IN THE ALTERNATIVE, THIS CASE SHOULD BE REMANDED SO THAT THE JURY CAN BE INSTRUCTED THAT IT MUST FIND THAT TORRES KNEW THE FIREARM WAS A MACHINE GUN IN ORDER TO CONVICT HIM OF VIOLATING 18 U.S.C. § 924(c)(1)(B)(ii).**

## Standard of Review

Inasmuch as Torres did not object to the jury instructions at trial or request the instruction he now says was required; this Court must examine the charge for plain error. *See United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994). Thus, for this Court to grant him relief "[t]here must be an 'error' that is 'plain' and that 'affects substantial rights.' *United States v. Gambone*, 314 F.3d 163, 182 (3d Cir. 2003).

## Argument

Torres did not request that the jury be instructed on the element of *mens rea*. Thus, to show that he is entitled to a new trial, he must show that the District Court's failure to instruct on *mens rea* was plain error.

For "plain error" to exist, there must be an "error" that is "plain" and that "affects substantial rights." Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the Court of Appeals, and the court should not exercise that discretion unless the error "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Retos*, 25 F.3d at 1228.

A deviation from a legal rule is "error." A "plain" error is one which is "clear" or "obvious." In most cases, an error will "affect substantial rights" where it is prejudicial: "It must have affected the outcome of the District Court proceedings." *Id* (citing *United States v. Olano*, 507 U.S. 725 (1993)).

In *Retos*, this Court was confronted with a case where Retos did not preserve his jury instruction challenge at trial. Retos was charged with violating 31 U.S.C. §§ 5322(a) and 5324(3), which at the time of trial did not require a finding that he knew that the "structuring in which he engaged was unlawful." In other words, at Retos' trial, the jury was not required to make a specific finding of *mens rea*. However, *after* Retos' trial, the United States Supreme Court decided *Ratzlaf v. United States*, 510 U.S. 135 (1994), which clarified that knowledge that the activity was illegal was a necessary element of the crime.

Recognizing that Retos had waived his claim that the jury should have been instructed on the "knowledge" element, this Court applied "plain error" analysis and awarded Retos a new trial. This Court found that, even though a jury instruction on the "knowledge" element was not required at trial, the Supreme Court's ruling in *Ratzlaf* required a finding that the District Court had erred. *Id* at 1230.

Moreover, this Court had "no hesitancy in holding that full retroactive effect should be accorded to *Ratzlaf* in [Retos'] appeal." *Id* at 1230 citing *Griffith v. Kentucky*, 479 U.S. 314, 322 (1987).[3]

Finally, in considering whether Retos' substantial rights were affected such that the error affected the outcome of his proceedings, this Court cited its own precedent in *United States v. Xavier*, 2 F.3d 1281, 1287 (3d Cir. 1993):

> Here, there can be no question that the failure to instruct had an impact on the jury's deliberations, because the jury could not have been expected to make a finding beyond a reasonable doubt as to Xavier's knowledge of his brother's status as a felon in the absence of an instruction to do so. The question, then, is whether the error in failing to instruct was prejudicial. In light of Winship's instruction and the evidence presented, we must conclude the failure to instruct on an essential element of the offense affected Clement Xavier's due process rights in a manner that "`seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'"

*Xavier*, 2 F.3d at 87 (citing *Olano*, 113 S.Ct. at 1779). *Accord*, *In re Winship*, 397 U.S. 358, 364 (1970).

This Court then vacated Retos' conviction, holding that the error "seriously affect[ed] the fairness" of Retos' trial, and thereby resulted in severe prejudice to him, a hallmark of manifest injustice. *Accord United States v. Jones*, 21 F.3d 165

---

[3] "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past." *Id* (citing *Griffith*, 479 U.S. at 328).

(7th Cir. 1994); *United States v. Rogers*, 18 F.3d 265 (4th Cir. 1994)." *Retos*, 25 F.3d at 1232.

In the instant matter, *Retos* should control. As in *Retos*, the issue in this case arises from the question of whether the jury should have been instructed to make a finding about Torres' guilty knowledge, or *mens rea*. As in *Retos*, the issue was not preserved at the time of trial. As in *Retos*, should this Court find that *mens rea* is an essential element of the crime (as outlined above in Argument IA), the holding should apply retroactively to Torres (per *Griffith, supra*). As in *Retos*, there can be "no question that the failure to instruct had an impact on the jury's deliberations, because the jury could not have been expected to make a finding beyond a reasonable doubt as to [Torres'] knowledge." Finally, as in *Retos*, this Court should take "corrective action" because the error affected Torres' substantial rights and resulted in severe prejudice to him.

Given the foregoing, reversal and remand are warranted.

## <u>CONCLUSION</u>

For the foregoing reasons Appellant Luis Algarin-Torres respectfully requests that this Court VACATE his conviction for violating 18 U.S.C. § 924(c)(1)(B)(ii) with prejudice, or in the alternative, vacate the conviction and remand for a new trial.


**RESPECTFULLY SUBMITTED**


_____/s/ Todd M. Mosser_____
**TODD M. MOSSER
ATTORNEY ID #87534
100 South Juniper Street
Philadelphia, PA 19107
267-207-2805
todd@mosserlegal.com
Counsel For Appellant**

## CERTIFICATION OF BAR MEMBERSHIP

The undersigned hereby certifies that he is a member in good standing of the Bar of United States Court of Appeals for the Third Circuit.

**RESPECTFULLY SUBMITTED**

_____/**Todd M. Mosser**_____
**TODD M. MOSSER**
**ATTORNEY ID #87534**

## CERTIFICATION OF WORD COUNT

The foregoing brief complies with this Court's rules relative to word count because it contains 4,769 words.

**RESPECTFULLY SUBMITTED**

_____/**Todd M. Mosser**_____
**TODD M. MOSSER**
**ATTORNEY ID #87534**

## CERTIFICATE OF SERVICE

The attached document was e-filed, this 16th Day of September 2024, and served on all parties electronically through the e-filing system. Time stamped hard copies are also being mailed via first class mail to the Clerk of Courts and all counsel at their address of record.

RESPECTFULLY SUBMITTED

_____/Todd M. Mosser_____
TODD M. MOSSER
ATTORNEY ID #87534

## CERTIFICATION OF IDENTICAL COMPLIANCE OF BRIEFS

The foregoing brief, which has been e-filed, is identical to the hard copies that are being filed with the Court and served on counsel.

RESPECTFULLY SUBMITTED

_____/Todd M. Mosser_____
TODD M. MOSSER
ATTORNEY ID #87534

## CERTIFICATION OF VIRUS CHECK

The foregoing document was scanned with McAfee Anti-virus software and no viruses were detected.

**RESPECTFULLY SUBMITTED**

**_____/Todd M. Mosser_____**

**TODD M. MOSSER**

ATTORNEY ID #87534

**ATTACHMENT I:  VOLUME I OF APPENDIX**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

## C.A. NO. #24-1589
_____

## United States of America,

**Appellee**

**v.**

## Luis Algarin-Torres.

**Appellant.**
_____

### APPELLANT'S APPENDIX VOLUME I

Appellant Algarin-Torres' appeal from the March 20, 2024 judgment of sentence entered against him by the Honorable Paul s. diamond of the Eastern District Court of Pennsylvania at 2:18-cr-00180 (E.D. Pa)

_____

**TODD M. MOSSER**
Attorney for Algarin-Torres
I.D. No. 87534

**MOSSER LEGAL, PLLC**
100 South Juniper Street
Philadelphia, PA 19107
267-207-2805

# TABLE OF CONTENTS

Notice of Appeal                                          001

2/21/24 Order                                             002

2/21/24 Memorandum Opinion                            003-012

Eastern District of PA Docket Sheet                   013-036

**NOTICE OF APPEAL**

**TO**

**U.S. COURT OF APPEALS, THIRD CIRCUIT**

REC'D MAR 2 8 2024

U.S. DISTRICT COURT - EASTERN DISTRICT OF PENNSYLVANIA - PHILA.

UNITED STATES OF AMERICA      : :      CRIMINAL ACTION

vs.      : :      NUMBER 18-cr-180-02

LUIS ALGARIN-TORRES      : :      (DIAMOND, J.)

**NOTICE OF APPEAL PRO SE**

Notice is hereby given that <u>LUIS ALGARIN-TORRES</u> appeals to the United States Court of Appeals

for the Third Circuit from judgment entered.

LUIS ALGARIN-TORRES, *pro se*
Register #76636-066
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105

Dated: 3/28/24

cc:      AUSA DAVID J. IGNALL
        AUSA JESSICA W. RICE
        615 Chestnut Street
        Suite 1250
        Philadelphia, PA 19106

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Crim. No. 18-180-2** |
| | : | |
| **LUIS ALGARIN-TORRES** | : | |
| | : | |

## ORDER

    **AND NOW**, this 21st day of February, 2024 it is hereby **ORDERED** that the Defendant's

Motion for Judgment of Acquittal (Doc. No. 348) is **DENIED**.

                                 **AND IT IS SO ORDERED.**

                                 */s/ Paul S. Diamond*
                                 Paul S. Diamond, J.

VOL I APPX0002

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 18-180-2** |
| | : | |
| **LUIS ALGARIN-TORRES** | : | |
| | : | |

**Diamond, J.**                                                                               **February 21, 2024**

<u>**MEMORANDUM OPINION**</u>

After a three-day trial, the jury found Luis Algarin-Torres guilty of possession of a firearm altered to fire automatically in furtherance of a drug trafficking crime and possession of a firearm by a convicted felon.  18 U.S.C. §§ 922(g), 924(c)(1)(A), 924(c)(1)(B)(ii).  Sentencing is set for March 20, 2024.  Algarin-Torres now moves for acquittal as to the § 924(c)(1)(B)(ii) charge, arguing that the Government did not prove that he knew the gun had been altered to fire automatically.  Fed. R. Crim P. 29(c); (Doc. No. 348.)  He has waived the issue.  Moreover, the Government proved at trial that Algarin-Torres knew the gun had been made fully automatic.  Finally, knowledge is not an element of the offense. I will deny the Motion on these alternate grounds.

## I.      BACKGROUND

From November 2016 through February 2018, the Drug Enforcement Administration investigated Algarin-Torres, his co-conspirators, and their drug packaging and distribution enterprise.  (Doc. No. 115; Doc. 344 at 35-36, 94.)  A confidential source arranged several controlled drug purchases from Algarin-Torres and his co-conspirators.  (Doc. No. 115; Doc. No. 271 at 1; Doc. No. 344 at 35-36, 97.)  During a May 22, 2017 controlled crack cocaine purchase at Algarin-Torres's home—where he lived with his fiancé and children—the source saw Algarin-

VOL I APPX0003

Torres take the drugs from a compartment hidden above the light fixture in his laundry room. (Doc. No. 271 at 1; Doc. No. 344 at 19, 41, 53-54, 100, 106-10.)

On May 10, 2018, police arrested Algarin-Torres at his home, which they searched, finding cash, crack cocaine, and a Glock handgun hidden in the light fixture compartment. (Doc. No. 115; Doc. No. 271 at 1; Doc. No. 344 at 18-19, 56-57.) Loaded with 18 rounds of live ammunition, the Glock had been modified to fire automatically. (Doc. No. 271 at 1; Doc. No. 344 at 19.)

Algarin-Torres and his co-defendants were charged with drug, firearms, and related offenses. (Doc. No. 77.) On March 15, 2019, Algarin-Torres pled guilty to the drug trafficking charges. (Doc. No. 120.) He thus admitted that the crack and cash found in the compartment with the Glock were his. (Doc. No. 344 at 19; Doc. No. 346 at 18.) He denied that the gun was his, however. (Doc. No. 120.) On February 20, 2020, the Grand Jury returned a Second Superseding Indictment charging Algarin-Torres with the firearm crimes I have described. (Doc. No. 196.)

At trial, Algarin-Torres freely acknowledged that he was a drug dealer, but denied the Glock was his. Rather, he sought to convince the jury that the gun belonged to one of his co-conspirators who also had access to the house. (Doc. No. 346 at 33.) His former cellmate, W.C., testified, however, that Algarin-Torres had told him that the gun was his and had a "switch," allowing it to fire automatically. (Doc. No. 345 at 187-90.) The confidential source also testified that she had seen Algarin-Torres carry a gun and gain access to the hidden compartment. (Doc. No. 344 at 108-13.)

In a special interrogatory, the jury found that the Glock had been modified to work as a machine gun. (Doc. No. 327 at 2.) Algarin-Torres did not argue that knowledge of the gun's alteration was an element of § 924(c)(1)(B)(ii). Accordingly, the jury was not instructed—and did not explicitly find—that Algarin-Torres knew that the Glock had been modified to fire

automatically.  The jury found Algarin-Torres guilty of both Counts.  Because the jury found that the firearm was a machine gun, Algarin-Torres is subject to a 30-year mandatory minimum term of incarceration.  <u>See</u> 18 U.S.C. § 924(c)(1)(B)(ii).

On October 20, 2023, I granted Algarin-Torres's Motion to Continue Sentencing and allowed him to submit the instant Rule 29(c) Motion for acquittal on the § 924(c)(1)(B)(ii) charge. (Doc. Nos. 341, 348.)

## II.    LEGAL STANDARDS

Rule 29(c) permits a convicted defendant to challenge the sufficiency of the Government's trial evidence.  Fed. R. Crim. P. 29(c).  I must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence."  <u>United States v. Wolfe</u>, 245 F.3d 257, 261 (3d Cir. 2001).  The defendant's burden is "extremely high."  <u>United States v. Igelsias</u>, 535 F.3d 150, 155 (3d Cir. 2008).  I must "draw all reasonable inferences in favor of the jury verdict," and may not usurp the jury's role.   <u>United States v. Anderskow</u>, 88 F.3d 245, 251 (3d Cir. 1996); <u>United States v. Brodie</u>, 403 F.3d 123, 133 (3d Cir. 2005).

## III.    DISCUSSION

Algarin-Torres has waived his belated contention that § 924(c)(1)(B)(ii) requires proof that he knew the Glock was capable of automatic fire.  Even if not waived, knowledge is not an element of § 924(c)(1)(B)(ii).  Finally, even if knowledge is an element, the Government proved knowledge at trial.

### A.    Algarin-Torres Waived This Issue

Having first raised his knowledge contention after trial, Algarin-Torres has waived the

3

issue.  (See Doc. No. 346); United States v. Oliva, 46 F.3d 320, 325 (3d Cir. 1995) (failure to raise issue as defense or ask for jury instructions amounts to waiver); United States v. Tiller, 302 F.3d 98, 105 (3d Cir. 2002) ("Failure to object at trial, absent plain error, constitutes a waiver of the issue for post-trial purposes"); United States v. Smith, No. 10-cr-489-2, 2014 WL 3765316, at *4 (E.D. Pa. July 31, 2014) (same).

Where an issue has been waived, I may grant relief only where there is "an error that is plain[,]…affects substantial right[,][and]…seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Gambone, 314 F.3d 163, 182 (3d Cir. 2003). Given the Third Circuit's silence on the knowledge issue, the purported error "is not sufficiently 'plain' to warrant reversal." United States v. Jabateh, 974 F.3d 281, 298 (3d Cir. 2020).

Algarin-Torres apparently argues that I should excuse his waiver because the single authority on which he bases his contention (United States v. Pérez-Greaux) was decided after his trial concluded.  83 F.4th 1 (1st Cir. 2021); (Doc. No. 348.)  Assuming Algarin-Torres seeks to make this argument—and that is not clear—it is meritless.

The holding in Pérez-Greaux was not new.  To the contrary, the First Circuit explicitly based its sufficiency ruling on a decision that predates Algarin-Torres's trial.  See United States v. Torres-Perez, 22 F.4th 28, 32 (1st Cir. 2021) (expert's testimony that alterations on Glock making it a machine gun were obvious to the defendant and so made out knowledge); Pérez-Greaux, 83 F.4th at 26.  Once again, the Third Circuit has not addressed whether knowledge is an element of § 924(c)(1)(B)(ii).  Given the lack of new, controlling authority, Algarin-Torres has not shown good cause to excuse his waiver.  See United States v. Rose, 538 F.3d 175, 184 (3d Cir. 2008) (absent showing of good cause, issues not raised are waived); United States v. Watson, No. 19-cr-203, 2021 WL 4200044, at *3 (W.D. Pa. Sept. 15, 2021) (issue waived absent "change in law or

VOL I APPX0006

in the facts which support a finding of good law"); United States v. Botsvynyuk, No. 10-cr-159-1, 2012 WL 2885928, at *8 (E.D. Pa. July 16, 2012), aff'd, 552 F. App'x 178 (3d Cir. 2014) (denying Rule 29 motion because "Defendant has not even suggested excusable neglect or good cause to excuse the waiver").

In these circumstances, Algarin-Torres has waived the knowledge issue.

**B.** **Knowledge is Not an Element of § 924(c)(1)(B)(ii)**

Even if the issue is not waived, the Government was not required to prove that Algarin-Torres knew the Glock could fire automatically. Accordingly, I conclude in the alternative that the issue is meritless.

A § 924(c) conviction requires the Government to prove: (1) the defendant committed a drug trafficking crime, and that (2) in furtherance of the crime, the defendant possessed a firearm. 18 U.S.C. § 924(c)(1)(A). Relying exclusively on Pérez-Greaux, Algarin-Torres urges that a conviction under § 924(c)(1)(B)(ii) requires proof that the defendant knew that the firearm is a machine gun. (Doc. No. 348.) Although neither the Supreme Court nor this Circuit has directly addressed the question, four Circuits have held that § 924(c)(1)(B)(ii) has no such knowledge element. See, e.g., United States v. Haile, 685 F.3d 1211, 1218 (11th Cir. 2012) (United States v. O'Brien, 560 U.S. 218, 222 (2010) only made possession of a machine gun an element of § 924(c), and not knowledge that it could fire automatically); United States v. Burwell, 690 F.3d 500 (D.C. Cir. 2012) (same); cf. United States v. Nava-Sotelo, 354 F.3d 1202, 1206 (10th Cir. 2003) (pre-O'Brien); United States v. Gamboa, 439 F.3d 796, 812 (8th Cir. 2006) (pre-O'Brien).

I "start, as always, with the language of the statute." Williams v. Taylor, 529 U.S. 420, 431 (2000). The text of § 924(c)(1)(B)(ii) does not require that the possessor has knowledge the

firearm is a machine gun. I must "ordinarily resist reading words or elements into a statute that do not appear on its face." Dean v. United States, 556 U.S. 568, 572 (2009) (quoting Bates v. United States, 522 U.S. 23, 29 (1997)). The structure of the statute similarly suggests the absence of a knowledge requirement. As the Supreme Court noted in Dean, Congress explicitly included an intent requirement for other subsections of § 924(c). See id. ("brandish" requires intent because brandishing must be done for a specific purpose). By contrast, "Congress did not . . . separately define 'discharge' [or § 924(c)(1)(B)(ii)] to include an intent requirement." Id. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983).

This canon does not apply to every statute that lacks *mens rea*. United States v. United States Gypsum Co., 438 U.S. 422, 437 (1978) (courts have "on a number of occasions read a state-of-mind component into an offense even when the statutory definition did not in terms so provide."). Courts have long held that "wrongdoing must be conscious to be criminal." Morissette v. United States, 342 U.S. 246, 250 (1952). Although there are exceptions, the "general rule" is that a guilty mind is "a necessary element in the indictment and proof of every crime." United States v. Balint, 258 U.S. 250, 251 (1922). Where a federal statute is silent as to *mens rea*, however, I may read into the statute only that "mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct." Carter v. United States, 530 U.S. 255, 269 (2000).

The Supreme Court has repeatedly applied this principle. See, e.g., Staples v. United States, 511 U.S. 600, 605 (1994); Liparota v. United States, 471 U.S. 419, 426 (1985) (*mens rea* necessary because "to interpret the statute otherwise would be to criminalize a broad range of apparently innocent conduct"); United States v. X-Citement Video, Inc., 513 U.S. 64, 72 (1994)

6

(absent requirement of knowledge that material is sexually explicit and displays minors, statute prohibiting possession of material showing sexual exploitation of minors "would sweep within the ambit . . . actors who had no idea that they were even dealing with sexually explicit material.")

For example, in Staples, the Court inferred the existence of a *mens rea* requirement where the statute made it unlawful for any person to receive or possess an unregistered firearm. 511 U.S. at 605. The Court reasoned that without such a requirement, individuals who believed they lawfully possessed firearms might be punished. Id. at 605, 610 (Without inference, statute would criminalize behavior that individuals believed was innocent fell within "a long tradition of widespread lawful gun ownership by private individuals.") "[I]f Congress had intended to make outlaws of gun owners who were wholly ignorant of the offending characteristics of their weapons, and to subject them to lengthy prison terms, it would have spoken more clearly to that effect." Id. at 620.

These concerns do not arise here. I need not read *mens rea* into § 924(c)(1)(B)(ii) because possession of *any* firearm in furtherance of a drug trafficking crime constitutes wrongful conduct. See 18 U.S.C. § 924(c)(1)(A). Were the firearm unaltered, Algarin-Torres still would have committed a crime under § 924(c). See id. Accordingly, rejection of Algarin-Torres's argument does not risk criminalizing innocent conduct. A defendant subject to § 924(c)(1)(B)(ii) "knows from the very outset that his planned course of conduct is wrongful." United States v. Feola, 420 U.S. 671, 685 (1975). It is not "unusual to punish individuals for the unintended consequences of their *unlawful* acts." Dean, 556 U.S. at 568 (analogizing to felony-murder rule); Burwell, 690 F.3d at 507 (applying Dean to § 924(c)(1)(B)(ii)). Simply because an individual does not know that the gun is a machine gun "does not mean that the defendant is blameless," as § 924(c)(1)(B)(ii) "accounts for the risk of harm resulting from the manner in which the crime is carried out, for

7

which the defendant is responsible." <u>Dean</u>, 556 U.S. at 576. "Those criminals wishing to avoid the penalty for [possessing a machine gun] can . . . leave the gun at home, or—best yet—avoid committing the felony in the first place." <u>Id.</u>

In sum, § 924(c)(1)(B)(ii) does not require proof of knowledge that the subject firearm is a machine gun.

### C.     Algarin-Torres Knew the Glock was a Machine Gun

Finally, I conclude in the further alternative that the Government proved at trial that Algarin-Torres knew the Glock could fire automatically.

Government witness W.C. shared a cell with Algarin-Torres after his arrest. W.C. testified that Algarin-Torres said he had a "greenish black gun with a switch on it" that "makes [the Glock] fully automatic. I mean, you hold the trigger down, it lets off a lot of rounds, the whole clip." (Doc. No. 345 at 188-189.) Algarin-Torres also told W.C. that the gun had been altered by the person from whom he had purchased it. (<u>Id.</u>)

Algarin-Torres seeks to read this testimony out of the record, arguing that he told W.C. only what he had learned by reviewing discovery the Government had provided. This is nonsense. Nothing in the discovery informed Algarin-Torres that the Glock had been altered by the people from whom he purchased it. In any event, Algarin-Torres's brief statement to W.C. about discovery, was distinct from his and W.C.'s discussion "about the gun charge." (<u>Id.</u> at 188). Reading the evidence in the light most favorable to the Government—my obligation at the Rule 29 stage—Algarin-Torres plainly told W.C. that he knew the gun had been altered to fire automatically. <u>See</u> <u>Anderskow</u>, 88 F.3d at 251.

Algarin-Torres argues that even if the Government proved Algarin-Torres's knowledge,

VOL I APPX0010

the § 924(c)(1)(B)(ii) conviction fails because the jury "was not instructed" of the knowledge requirement. (Doc. No. 348 at 4.)  Yet, in Pérez-Greaux—Algarin-Torres's only legal authority— the First Circuit ruled that the knowledge evidence was sufficient even in the apparent absence of a related jury instruction.

> Here, crediting the government's witnesses, as we must on a Rule 29 motion, the cumulation of evidence reveals that the firearm in question was indeed a machinegun as federal law defines it and that a reasonable jury could draw the reasonable inference that Pérez-Greaux knew it was one.

Id. at 27.  The First Circuit was satisfied that the Government proved Pérez-Greaux's knowledge with expert testimony that the gun had been visibly altered, that Pérez-Greaux had "handled" the gun, and that it was loaded with a large ammunition chip.  Id. at 26-28.  The Government presented the same evidence against Algarin-Torres.  Firearms expert Nicholas Campbell testified that the Glock had been visibly altered to fire automatically.  (Doc. 345 at 131-47.)  The confidential source testified that she saw Algarin-Torres with a gun, and that she had seen Algarin-Torres put crack in the hidden compartment in which the Glock was found.  (Doc. No. 344 at 107-13.)  Finally, W.C. testified that Algarin-Torres said he knew the gun had been altered to fire automatically.

In these circumstances, the Government proved the § 924(c)(1)(B)(ii) knowledge element, even though it was not required to do so.

## IV.    CONCLUSION

In sum, there is no reasonable basis on which to overturn Algarin-Torres's § 924(c)(1)(B)(ii) conviction.  Accordingly, I will deny his Rule 29(c) Motion.

VOL I APPX0011

An appropriate Order follows.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____
Paul S. Diamond, J.

February 21, 2024

# United States District Court
# Eastern District of Pennsylvania (Philadelphia)
# CRIMINAL DOCKET FOR CASE #: 2:18-cr-00180-PD-2

Case title: USA v. ROSADO et al                     Date Filed: 05/02/2018

                                                    Date Terminated: 03/27/2024

Assigned to: DISTRICT JUDGE PAUL S.
DIAMOND

Appeals court case number: 24-1589 USCA
for the Third Circuit

**Defendant (2)**

**LUIS ALGARIN-TORRES**            represented by   **LUIS ALGARIN-TORRES**
*TERMINATED: 03/27/2024*                            766-036-066
*also known as*                                     PHILADELPHIA
LUISITO                                              FEDERAL DETENTION CENTER
*TERMINATED: 03/27/2024*                            Inmate Mail/Parcels
                                                    P.O. BOX 562
                                                    PHILADELPHIA, PA 19106
                                                    PRO SE

                                                    **JEREMY-EVAN ALVA**
                                                    ALVA & ASSOCIATES
                                                    1520 LOCUST ST #700
                                                    PHILADELPHIA, PA 19102
                                                    215-665-1695
                                                    Fax: 215-665-0183
                                                    Email: jeremyalva@yahoo.com
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*

**Pending Counts**                                  **Disposition**

21:846 CONSPIRACY TO DISTRIBUTE
100 GRAMS OR MORE OF HEROIN, 40
GRAMS OR MORE OF FENTANYL,
COCAINE, AND METHAMPHETAMINE
(1)

21:846 - CONSPIRACY TO DISTRIBUTE                   IMPRISONMENT: 60 MONTHS;
100 GRAMS OR MORE OF HEROIN, 40                     SUPERVISED RELEASE: 6 YEARS;
GRAMS OR MORE OF FENTANYL,                          SPECIAL ASSESSMENT: $1100.00
COCAINE, AND METHAMPHETAMINE
(1s)

21:841(a)(1), (b)(1)(C) DISTRIBUTION
OF A CONTROLLED SUBSTANCE AND

VOL I APPX0013

18:2 AIDING AND ABETTING
(8)

21:841(a)(1),(b)(1)(C) AND 18:2 -
DISTRIBUTION OF A CONTROLLED
SUBSTANCE; AIDING AND ABETTING
(8s)

LESSER INCLUDED OFFENSE

21:860(a) DISTRIBUTION OF A
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF A PROTECTED
LOCATION
(9)

21:860(a) - DISTRIBUTION OF
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF PROTECTED LOCATION
(9s)

IMPRISONMENT: 262 MONTHS;
SUPERVISED RELEASE: 6 YEARS;
SPECIAL ASSESSMENT: $1100.00

21:841(a)(1), (b)(1)(C) DISTRIBUTION
OF A CONTROLLED SUBSTANCE
(10)

21:841(a)(1),(b)(1)(C)- DISTRIBUTION
OF A CONTROLLED SUBSTANCE
(10s)

LESSER INCLUDED OFFENSE

21:860(a) DISTRIBUTION OF A
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF A PROTECTED
LOCATION
(11)

21:860(a) - DISTRIBUTION OF
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF PROTECTED LOCATION
(11s)

IMPRISONMENT: 262 MONTHS;
SUPERVISED RELEASE: 6 YEARS;
SPECIAL ASSESSMENT: $1100.00

18:924(c)(1)(A)(i),(c)(1)(B)(ii) -
POSSESSION OF A FIREARM IN
FURTHERANCE OF A DRUG
TRAFFICKING CRIME
(11ss)

21:841(a)(1), (b)(1)(C) DISTRIBUTION
OF A CONTROLLED SUBSTANCE
(12)

21:841(a)(1),(b)(1)(C)- DISTRIBUTION
OF A CONTROLLED SUBSTANCE
(12s)

18:922(g)(1) - POSSESSION OF A
FIREARM BY A CONVICTED FELON
(12ss)

LESSER INCLUDED OFFENSE

21:860(a) DISTRIBUTION OF A
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF A PROTECTED
LOCATION
(13)

VOL I APPX0014

21:860(a) - DISTRIBUTION OF
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF PROTECTED LOCATION
(13s)

IMPRISONMENT: 262 MONTHS;
SUPERVISED RELEASE: 6 YEARS;
SPECIAL ASSESSMENT: $1100.00

21:841(a)(1), (b)(1)(C) DISTRIBUTION
OF A CONTROLLED SUBSTANCE AND
18:2 AIDING AND ABETTING
(14)

21:841(a)(1),(b)(1)(C) AND 18:2 -
DISTRIBUTION OF A CONTROLLED
SUBSTANCE; AIDING AND ABETTING
(14s)

LESSER INCLUDED OFFENSE

21:860(a) DISTRIBUTION OF A
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF A PROTECTED
LOCATION
(15)

21:860(a) - DISTRIBUTION OF
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF PROTECTED LOCATION
(15s)

IMPRISONMENT: 262 MONTHS;
SUPERVISED RELEASE: 6 YEARS;
SPECIAL ASSESSMENT: $1100.00

21:841(a)(1), (b)(1)(C) DISTRIBUTION
OF A CONTROLLED SUBSTANCE AND
18:2 AIDING AND ABETTING
(16)

21:841(a)(1),(b)(1)(C) AND 18:2 -
DISTRIBUTION OF A CONTROLLED
SUBSTANCE; AIDING AND ABETTING
(16s)

LESSER INCLUDED OFFENSE

21:860(a) DISTRIBUTION OF A
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF A PROTECTED
LOCATION
(17)

21:860(a) - DISTRIBUTION OF
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF PROTECTED LOCATION
(17s)

IMPRISONMENT: 262 MONTHS;
SUPERVISED RELEASE: 6 YEARS;
SPECIAL ASSESSMENT: $1100.00

21:841(a)(1), (b)(1)(C) DISTRIBUTION
OF A CONTROLLED SUBSTANCE
(19)

21:841(a)(1),(b)(1)(C)- DISTRIBUTION
OF A CONTROLLED SUBSTANCE
(19s)

LESSER INCLUDED OFFENSE

21:860(a) DISTRIBUTION OF A
CONTROLLED SUBSTANCE WITHIN
1,000 FEET OF A PROTECTED
LOCATION
(20)

VOL I APPX0015

| | |
|---|---|
| 21:860(a) - DISTRIBUTION OF CONTROLLED SUBSTANCE WITHIN 1,000 FEET OF PROTECTED LOCATION (20s) | IMPRISONMENT: 262 MONTHS; SUPERVISED RELEASE: 6 YEARS; SPECIAL ASSESSMENT: $1100.00 |
| 21:856(a)(2) MAINTAINING A DRUG HOUSE AND 18:2 AIDING AND ABETTING (22) | |
| 21:856(a)(2), 18:2 - MAINTAINING A DRUG HOUSE; AIDING AND ABETTING (22s) | IMPRISONMENT: 240 MONTHS; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00 |
| 21:841(a)(1),(b)(1)(C)- DISTRIBUTION OF A CONTROLLED SUBSTANCE (23s) | IMPRISONMENT: 240 MONTHS; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00 |
| 18:924(c)(1)(A)(i,(c)(1)(B)(ii) - POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME (24s) | IMPRISONMENT: 360 MONTHS CONSECUTIVE; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00 |
| 18:922(g)(1) - POSSESSION OF A FIREARM BY A CONVICTED FELON (25s) | IMPRISONMENT: 120 MONTHS; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **DAVID J. IGNALL** |
| | | U.S. ATTORNEY'S OFFICE |
| | | 615 CHESTNUT ST. |
| | | SUITE 1250 |
| | | PHILADELPHIA, PA 19106 |
| | | 215-861-8200 |
| | | Fax: 215-861-8233 |
| | | Email: david.j.ignall@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

VOL I APPX0016

*Designation: Assistant US Attorney*

**JESSICA W. RICE**
U.S. ATTORNEY'S OFFICE EDPA
615 CHESTNUT ST
PHILADELPHIA, PA 19106
215-861-8527
Email: jessica.rice@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**MEGHAN E. CLAIBORNE**
DOJ-USAO
Law Department
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
215-861-8452
Email: meghan.claiborne@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**ALICIA M. FREIND**
US ATTORNEYS OFFICE
615 CHESTNUT STREET
PHILADELPHIA, PA 19106
215-861-8677
Email:
USAPAE.DepartedAUSA@usdoj.gov
*TERMINATED: 03/02/2021*
*Designation: Assistant US Attorney*

**EVERETT R WITHERELL**
US ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
215-861-8327
Email: everett.witherell@usdoj.gov
*TERMINATED: 06/29/2021*
*Designation: Assistant US Attorney*

**JEROME M. MAIATICO**
UNITED STATES ATTORNEY'S OFFICE
EASTERN DISTRICT OF
PENNSYLVANIA
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
267-838-3904
Email: jerome.maiatico@usdoj.gov
*TERMINATED: 09/20/2018*

VOL I APPX0017

*Designation: Assistant US Attorney*

**ROBERT A. ZAUZMER**
UNITED STATES ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
215-861-8568
Fax: 215-861-8498
Email: bob.zauzmer@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/02/2018 | 1 | SEALED INDICTMENT as to LUIS ALBERTO ROSADO (1) count(s) 1, 2, 3, 6, 7, 8, 9, 14, 15, 18, LUIS ALGARIN-TORRES (2) count(s) 1, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, MILTON FUENTES (3) count(s) 1, 2, 3, 6, 7, JANICE TORRES (4) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 14, 15, 21, ASHLEY CRUZ (5) count(s) 16, 17. (kk, ) (Additional attachment(s) added on 5/2/2018: # 1 Designation Form) (kk, ). (Entered: 05/02/2018) |
| 05/02/2018 | 3 | MOTION AND ORDER FOR ISSUANCE OF ARREST WARRANT AS TO LUIS ALGARIN-TORRES. Signed by MAGISTRATE JUDGE MARILYN HEFFLEY on 5/2/2018.5/2/2018 Entered. (kk, ) (Entered: 05/02/2018) |
| 05/02/2018 | 7 | MOTION AND ORDER SEALING AND IMPOUNDING CASE AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ.. Signed by MAGISTRATE JUDGE MARILYN HEFFLEY on 5/2/2018.5/2/2018 Entered. (kk, ) (Entered: 05/02/2018) |
| 05/11/2018 | 10 | NOTICE OF ATTORNEY APPEARANCE filed by JEREMY-EVAN ALVA appearing for LUIS ALGARIN-TORRES (mac, ) (Entered: 05/11/2018) |
| 05/11/2018 | 11 | Minute Entry for proceedings held before MAGISTRATE JUDGE LYNNE A. SITARSKI: Initial Appearance as to LUIS ALGARIN-TORRES held on 5/10/18. The Government's Motion for Temporary Detention is Granted. A Detention Hearing/Arraignment are set for 5/14/2018 at 1:30 PM in COURTROOM 5A before MAGISTRATE JUDGE LYNNE A. SITARSKI. An Attorney Status Hearing is also scheduled for Monday, May 14, 2018. Signed by Judge Lynne A. Sitarski.Court Reporter ESR.(mac, ) (Entered: 05/11/2018) |
| 05/15/2018 | 19 | Minute Entry for proceedings held before MAGISTRATE JUDGE TIMOTHY R. RICE: PTD/ARR as to LUIS ALGARIN-TORRES (2) Count 1,8,9,10,11,12,13,14,15,16,17,19,20,22 held on 5/14/2018. The deft stipulated to detention. Plea entered by LUIS ALGARIN-TORRES: Not Guilty on all counts. Counsel have 14 days to file pretrial motions. Signed by United States Magistrate Judge Timothy R. Rice. Court Reporter: ESR.(tomg, ) (Entered: 05/15/2018) |
| 06/01/2018 | 33 | Arrest Warrant Returned Executed on 5/10/18 in case as to LUIS ALGARIN-TORRES. (mac, ) (Entered: 06/01/2018) |
| 06/14/2018 | 36 | SEALED MOTION WITH CERTIFICATE OF SERVICE by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ. (FILED UNDER SEAL). (tomg, ) (tomg, ). (Entered: 06/14/2018) |
| 06/15/2018 | | ***INDICTMENT UNSEALED as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ (mac, ) (Entered: 06/15/2018) |

VOL I APPX0018

| 06/15/2018 | 37 | Letter from AUSA Unsealing Indictment as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ (mac, ) (Entered: 06/15/2018) |
|---|---|---|
| 06/15/2018 | 38 | NOTICE OF HEARING as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ TELEPHONE CONFERENCE SET FOR 6/20/2018 at 10:00 AM IN JUDGE CHAMBERS BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 06/15/2018) |
| 06/20/2018 | 39 | NOTICE OF HEARING as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ TELEPHONE CONFERENCE rescheduled FOR 6/26/2018 at 1:00 PM IN JUDGE CHAMBERS BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 06/20/2018) |
| 06/21/2018 | 42 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL SET FOR 8/20/2018 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 06/21/2018) |
| 06/26/2018 | 45 | Minute Entry for proceedings held before HONORABLE J. CURTIS JOYNER: Telephone Conference as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ held on 6/26/18.(mac, ) (Entered: 06/26/2018) |
| 06/26/2018 | 46 | SEALED ORDER LUIS ALBERTO ROSADO (1), LUIS ALGARIN-TORRES (2), MILTON FUENTES (3), JANICE TORRES (4), ASHLEY CRUZ (5). (SEALED PER CHAMBERS). Signed by HONORABLE J. CURTIS JOYNER on 6/26/18.6/26/18 ENTERED AND COPIES MAILED.(mac, ) (mac, ). (Entered: 06/26/2018) |
| 07/02/2018 | 49 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 10/22/2018 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 07/02/2018) |
| 07/02/2018 | 53 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, JANICE TORRES, ASHLEY CRUZ THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE. COUNSEL NEEDS ADDITIONAL TIME TO PREPARE. TRIAL CONTINUED UNTIL OCTOBER 22, 2018. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 7/2/18.7/2/18 Entered and Copies E-Mailed. (mac, ) (Entered: 07/02/2018) |
| 09/18/2018 | 65 | First MOTION to Continue *Trial* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 09/18/2018) |
| 09/20/2018 | 66 | NOTICE OF ATTORNEY APPEARANCE ALICIA M. FREIND appearing for USA. *and Withdrawal of Appearance of AUSA Jerome Maiatico* (FREIND, ALICIA) (Entered: 09/20/2018) |
| 09/26/2018 | 67 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION |

VOL I APPX0019

| | | |
|---|---|---|
| | | AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE. COUNSEL NEEDS ADDITIONAL TIME TO PREPARE. TRIAL CONTINUED UNTIL JANUARY 7, 2019. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED.. Signed by HONORABLE J. CURTIS JOYNER on 9/24/18.9/26/18 Entered and Copies E-Mailed. (mac, ) (Entered: 09/26/2018) |
| 09/27/2018 | 69 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 1/7/2019 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 09/27/2018) |
| 12/12/2018 | 73 | NOTICE OF ATTORNEY APPEARANCE DAVID J. IGNALL appearing for USA. (IGNALL, DAVID) (Entered: 12/12/2018) |
| 12/17/2018 | 75 | MOTION to Admit *Tape Recordings, Memorandum in Support and Proposed Order* by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ. (IGNALL, DAVID) (Entered: 12/17/2018) |
| 12/19/2018 | 77 | SUPERSEDING INDICTMENT as to LUIS ALBERTO ROSADO (1) count(s) 1s, 2s, 3s, 6s, 7s, 8s, 9s, 14s, 15s, 18s, LUIS ALGARIN-TORRES (2) count(s) 1s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, 15s, 16s, 17s, 19s, 20s, 22s, 23s, 24s, 25s, MILTON FUENTES (3) count(s) 1s, 2s, 3s, 6s, 7s, JANICE TORRES (4) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 14s, 15s, 21s, ASHLEY CRUZ (5) count(s) 16s, 17s. (mac, ) (Additional attachment(s) added on 12/20/2018: # 1 Designation Form) (mac, ). (Entered: 12/20/2018) |
| 12/27/2018 | 79 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Arraignment set for 1/10/2019 at 1:30 PM in COURTROOM 5A - 5TH Floor before MAGISTRATE JUDGE LINDA K. CARACAPPA. (sc, ) (Entered: 12/27/2018) |
| 12/28/2018 | 84 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 3/18/2019 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 12/28/2018) |
| 01/02/2019 | 88 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, JANICE TORRES, ASHLEY CRUZ THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE. COUNSEL NEEDS ADDITIONAL TIME TO PREPARE. TRIAL CONTINUED UNTIL MARCH 18, 2019. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 1/2/19.1/2/19 Entered and Copies E-Mailed. (mac, ) (Entered: 01/02/2019) |
| 01/10/2019 | 94 | Minute Entry for proceedings held before MAGISTRATE JUDGE LINDA K. CARACAPPA: Arraignment as to LUIS ALGARIN-TORRES (2) Counts 1s,8s,9s,10s,11s,12s,13s,14s,15s,16s,17s,19s,20s,22s,23s,24s,25s held on 1/10/19., Plea entered by LUIS ALGARIN-TORRES: Not Guilty on counts ALL COUNTS. Counsel |

VOL.I APPX0020

| | | have 14 days to file pretrial motions. Signed by Judge Linda K. Caracappa.Court Reporter ESR.(mac, ) (Entered: 01/10/2019) |
|---|---|---|
| 03/07/2019 | 98 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Change of Plea Hearing set for 3/14/2019 at 10:30 AM in COURTROOM 17A - 17TH Floor before HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 03/07/2019) |
| 03/11/2019 | 100 | Jury Verdict Sheet as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, JANICE TORRES, ASHLEY CRUZ.(IGNALL, DAVID) (Entered: 03/11/2019) |
| 03/11/2019 | 101 | Proposed Jury Instructions by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, JANICE TORRES, ASHLEY CRUZ(IGNALL, DAVID) (Entered: 03/11/2019) |
| 03/11/2019 | 102 | Proposed Voir Dire by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, JANICE TORRES, ASHLEY CRUZ(IGNALL, DAVID) (Entered: 03/11/2019) |
| 03/11/2019 | 103 | TRIAL MEMORANDUM by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, JANICE TORRES, ASHLEY CRUZ(IGNALL, DAVID) (Entered: 03/11/2019) |
| 03/11/2019 | 104 | NOTICE OF ATTORNEY APPEARANCE EVERETT R WITHERELL appearing for USA. (WITHERELL, EVERETT) (Entered: 03/11/2019) |
| 03/13/2019 | 110 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE COURTS FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING, OR RESULT IN A MISCARRIAGE OF JUSTICE. TRIAL CONTINUED UNTIL APRIL 22, 2019. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 3/13/19.3/14/19 Entered and Copies E-Mailed. (mac, ) (Entered: 03/14/2019) |
| 03/14/2019 | 113 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 4/22/2019 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 03/14/2019) |
| 03/14/2019 | 114 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Sentencing set for 6/19/2019 at 1:30 PM in COURTROOM 17A - 17TH Floor before HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 03/14/2019) |
| 03/14/2019 | 115 | Plea Memorandum by USA *GOVERNMENTS CHANGE OF PLEA MEMORANDUM* as to LUIS ALGARIN-TORRES (WITHERELL, EVERETT) (Entered: 03/14/2019) |
| 03/15/2019 | 120 | Minute Entry for proceedings held before HONORABLE J. CURTIS JOYNER in Courtroom 17A: Change of Plea Hearing as to LUIS ALGARIN-TORRES held on 3/14/19. Interpreter sworn. Defendant sworn. Factual basis for plea. Plea entered as to LUIS ALGARIN-TORRES (2): Guilty Count 1s,8s-17s,19s,20s,22s,23s. Plea accepted. PSR ordered. Sentencing date -Wednesday, June 19, 2019 at 1:30 p.m. Trial rescheduled 4/22/19 - Counts 24s,25s. Defendant remanded.(mac, ) ). (Entered: 03/18/2019) |
| 04/02/2019 | 127 | Second MOTION to Continue *Trial* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 04/02/2019) |

VOL I APPX0021

| 04/03/2019 | [130](#) | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 6/17/2019 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 04/03/2019) |
|---|---|---|
| 04/04/2019 | [131](#) | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING, OR RESULT IN A MISCARRIAGE OF JUSTICE.TRIAL CONTINUED UNTIL JUNE 17, 2019. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 4/3/19.4/4/19 Entered and Copies E-Mailed. (mac, ) (Entered: 04/04/2019) |
| 04/04/2019 | [132](#) | Third MOTION to Continue *Trial* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 04/04/2019) |
| 04/09/2019 | [136](#) | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 6/24/2019 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 04/09/2019) |
| 04/09/2019 | [138](#) | ORDER TO CONTINUE - ENDS OF JUSTICE AS TO AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: TRIAL CONTINUED UNTIL 6/24/19. 18 U.S.C. SECTION 3161(h)(7)(A)(B) ORDERS THIS CASE CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 4/8/19.4/9/19 Entered and Copies E-Mailed. (ke) (Entered: 04/09/2019) |
| 05/16/2019 | [144](#) | First MOTION to Continue Sentence by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 05/16/2019) |
| 05/17/2019 | [145](#) | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Sentencing rescheduled for 9/12/2019 at 10:30 AM in COURTROOM 17A - 17TH Floor before HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 05/17/2019) |
| 06/18/2019 | [155](#) | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE.TRIAL CONTINUED UNTIL SEPTEMBER 9, 2019. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 6/18/19.6/18/19 Entered and Copies E-Mailed. (mac, ) (Entered: 06/18/2019) |
| 06/21/2019 | [157](#) | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 10/21/2019 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 06/21/2019) |

VOL I APPX0022

| 06/21/2019 | [158] | AMENDED ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES.THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE.TRIAL CONTINUED UNTIL OCTOBER 21, 2019. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED.. Signed by HONORABLE J. CURTIS JOYNER on 6/20/19.6/21/19 Entered and Copies E-Mailed. (mac, ) (Entered: 06/21/2019) |
| 09/04/2019 | [177] | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 10/23/2019 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 09/04/2019) |
| 09/06/2019 | [178] | Third MOTION to Continue Sentence by LUIS ALBERTO ROSADO as to LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 09/06/2019) |
| 09/10/2019 | [179] | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Sentencing rescheduled for 11/14/2019 at 10:00 AM in COURTROOM 17A - 17TH Floor before HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 09/10/2019) |
| 09/27/2019 | [181] | AMENDED ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE.TRIAL CONTINUED UNTIL JANUARY 6, 2020 AT 9:30 A.M. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 9/26/19.9/27/19 Entered and Copies E-Mailed. (mac, ) (Entered: 09/27/2019) |
| 09/27/2019 | [183] | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 1/6/2020 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 09/27/2019) |
| 10/22/2019 | [185] | Fourth MOTION to Continue by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 10/22/2019) |
| 10/23/2019 | [186] | FPRAECIPE to Withdraw Document *Motion for Continuance of Trial* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) Modified on 10/24/2019 (ap, ). (Entered: 10/23/2019) |
| 10/23/2019 | [187] | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Sentencing rescheduled for 5/20/2020 at 10:00 AM in COURTROOM 17A - 17TH Floor before HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 10/23/2019) |
| 10/24/2019 | [189] | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 1/21/2020 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 10/24/2019) |

VOL I APPX0023

| 11/19/2019 | 190 | Fourth MOTION to Continue *Jury Trial* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 11/19/2019) |
|---|---|---|
| 11/21/2019 | 192 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 3/16/2020 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 11/21/2019) |
| 11/22/2019 | 193 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE.TRIAL CONTINUED UNTIL MARCH 16, 2020 AT 9:30 A.M. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 11/21/19.11/22/19 Entered and Copies E-Mailed. (mac, ) (Entered: 11/22/2019) |
| 01/22/2020 | 195 | NOTICE OF ATTORNEY APPEARANCE JESSICA W. RICE appearing for USA. (RICE, JESSICA) (Entered: 01/22/2020) |
| 02/20/2020 | 196 | SECOND SUPERSEDING INDICTMENT as to LUIS ALBERTO ROSADO (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, LUIS ALGARIN-TORRES (2) count(s) 11ss, 12ss. (mac, ) (Additional attachment(s) added on 2/20/2020: # 1 Designation Form) (mac, ). (Additional attachment(s) added on 2/20/2020: # 2 SIGNATURES) (mac, ). (Entered: 02/20/2020) |
| 02/25/2020 | 199 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Arraignment set for 3/5/2020 at 1:30 PM in COURTROOM 5A - 5TH Floor before MAGISTRATE JUDGE DAVID R. STRAWBRIDGE. (sc, ) (Entered: 02/25/2020) |
| 03/05/2020 | 200 | MOTION in Limine *TO ADMIT DEFENDANT LUIS ALGARIN-TORRESS GUILTY PLEAS TO AND OTHER EVIDENCE OF CERTAIN DRUG-RELATED OFFENSES UNDER FEDERAL RULES OF EVIDENCE 401, 402 AND 404(b)* by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ. (RICE, JESSICA) (Entered: 03/05/2020) |
| 03/06/2020 | 202 | Minute Entry for proceedings held before MAGISTRATE JUDGE DAVID R. STRAWBRIDGE: Arraignment as to LUIS ALGARIN-TORRES (2). Not Guilty to All Counts. Counsel have 14 days to file pretrial motions.Signed by Magistrate Judge David R. Strawbridge. Court Reporter ESR.(ahf) (Entered: 03/06/2020) |
| 03/10/2020 | 203 | TRIAL MEMORANDUM by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRESwith Certificate of Service(IGNALL, DAVID) (Entered: 03/10/2020) |
| 03/10/2020 | 204 | Proposed Voir Dire by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRESwith Certificate of Service(IGNALL, DAVID) (Entered: 03/10/2020) |
| 03/10/2020 | 205 | Jury Verdict Sheet as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES. with Certificate of Service(IGNALL, DAVID) (Entered: 03/10/2020) |
| 03/10/2020 | 206 | Proposed Jury Instructions by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRESwith Certificate of Service(IGNALL, DAVID) (Entered: 03/10/2020) |

| 03/12/2020 | 208 | ORDER AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ THAT THE RECORDING DEVICE USED WAS CAPABLE OF ACCURATELY RECORDING THE CONVERSATION; THE OPERATOR OF THE RECORDING DEVICE WAS COMPETENT, ETC. Signed by HONORABLE J. CURTIS JOYNER on 3/11/2020.3/12/2020 ENTERED AND COPIES E-MAILED.(tomg, ) (Entered: 03/12/2020) |
| --- | --- | --- |
| 03/17/2020 | 210 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 5/26/2020 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 03/17/2020) |
| 03/17/2020 | 211 | Minute Entry for proceedings held before HONORABLE J. CURTIS JOYNER in Courtroom 17A: CASE CALLED TO TRIAL as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES held on 3/16/2020. Court addresses parties re: standing order and the threat posed by the coronavirus. Trial continued until 5/26/2020 at 9:30 a.m. Court Reporter: S. GAGLIARDI.(tomg, ) (Entered: 03/18/2020) |
| 03/17/2020 | 212 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THIS PROCEEDING WOULD BE LIKELY TO MAKE CONTINUANCE OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE. TRIAL CONTINUED UNTIL 5/26/2020 AT 9:30 A.M., ETC. Signed by HONORABLE J. CURTIS JOYNER on 3/16/2020.3/18/2020 Entered and Copies E-Mailed. (tomg, ) (Entered: 03/18/2020) |
| 05/06/2020 | 213 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Sentencing rescheduled for 12/17/2020 at 10:00 AM in COURTROOM 17A - 17TH Floor before HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 05/06/2020) |
| 05/07/2020 | 214 | MOTION to Continue *(UNOPPOSED) AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT* by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES. (IGNALL, DAVID) (Entered: 05/07/2020) |
| 05/08/2020 | 215 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE COURTS FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING, OR RESULT IN A MISCARRIAGE OF JUSTICE. TRIAL CONTINUED UNTIL OCTOBER 19, 2020 AT 9:30 A.M. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED.. Signed by HONORABLE J. CURTIS JOYNER on 5/8/20.5/11/20 Entered and Copies E-Mailed. (mac, ) (Entered: 05/11/2020) |
| 05/08/2020 | 216 | ORDER AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE TRIAL IN THIS MATTER IS CONTINUED UNTIL OCTOBER 19, 2020, ETC. Signed by HONORABLE J. CURTIS JOYNER on 5/8/20.5/11/20 Entered and Copies E-Mailed. (mac, ) (Entered: 05/11/2020) |
| 05/08/2020 | | ***Set/Reset Hearings as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES: JURY TRIAL SET FOR 10/19/2020 AT 9:30 AM BEFORE HONORABLE J. CURTIS JOYNER. (mac, ) (Entered: 05/11/2020) |

<span style="color:red">VOL. I APPX0025</span>

| 05/11/2020 | 218 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 10/19/2020 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 05/11/2020) |
|---|---|---|
| 09/14/2020 | 222 | MOTION to Continue *AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT with Proposed Order* by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES. (IGNALL, DAVID) (Entered: 09/14/2020) |
| 09/16/2020 | 224 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 2/22/2021 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 09/16/2020) |
| 09/16/2020 | 225 | ORDER AS TO LUIS ALBERTO ROSADO (1), LUIS ALGARIN-TORRES (2) THAT TRIAL IN THIS MATTER IS CONTINUED UNTIL FEBRUARY 22, 2021, ETC. Signed by HONORABLE J. CURTIS JOYNER on 9/16/20.9/16/20 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 09/16/2020) |
| 09/16/2020 | 226 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE.TRIAL CONTINUED UNTIL FEBRUARY 22, 2021 AT 9:30 A.M. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED.. Signed by HONORABLE J. CURTIS JOYNER on 9/16/20.9/16/20 Entered and Copies E-Mailed. (mac, ) (Entered: 09/16/2020) |
| 11/17/2020 | 228 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Sentencing rescheduled for 7/7/2021 at 10:00 AM in COURTROOM 17A - 17TH Floor before HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 11/17/2020) |
| 02/08/2021 | 231 | ORDER AS TO LUIS ALBERTO ROSADO (1), LUIS ALGARIN-TORRES (2) THAT TRIAL IS CONTINUED UNTIL JULY 12, 2021 AT 9:30 AM. WHEREFORE, IN ACCORDANCE WITH 18:3161(h)(7)(A),(B), THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREOFRE, THIS CASE IS CONTINUED. Signed by HONORABLE J. CURTIS JOYNER on 2/8/2021.2/8/2021 ENTERED AND COPIES E-MAILED.(ahf, ) (Entered: 02/08/2021) |
| 02/08/2021 | | ***Set/Reset Hearings as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES: JURY TRIAL SET FOR 7/12/2021 AT 9:30 AM BEFORE HONORABLE J. CURTIS JOYNER. (ahf, ) (Entered: 02/08/2021) |
| 02/08/2021 | 234 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 7/12/2021 at 9:30 AM IN COURTROOM 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 02/08/2021) |
| 03/02/2021 | 235 | NOTICE *of Withdrawal* by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ (FREIND, ALICIA) (Entered: 03/02/2021) |
| 03/03/2021 | 236 | NOTICE *of Withdrawal* by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ (ZAUZMER, |

VOL 1 APPX0026

| | | |
|---|---|---|
| | | ROBERT) (Entered: 03/03/2021) |
| 06/28/2021 | 240 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: TRIAL CONTINUED UNTIL 10/25/2021 AT 9:30 A.M., ETC. Signed by HONORABLE J. CURTIS JOYNER on 6/28/2021.6/28/2021 Entered and Copies E-Mailed. (tomg, ) (Entered: 06/28/2021) |
| 06/28/2021 | 243 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES JURY TRIAL rescheduled FOR 10/25/2021 at 9:30 AM IN Courtroom 17A - 17TH Floor BEFORE HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 06/28/2021) |
| 06/29/2021 | 244 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES Sentencing rescheduled for 11/10/2021 at 10:00 AM in Courtroom 17A - 17TH Floor before HONORABLE J. CURTIS JOYNER. (sc, ) (Entered: 06/29/2021) |
| 06/29/2021 | 245 | NOTICE *WITHDRAWAL OF APPEARANCE* by USA as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ (WITHERELL, EVERETT) (Entered: 06/29/2021) |
| 07/28/2021 | 246 | ORDER REASSIGNING CASE. CASE REASSIGNED TO JUDGE HONORABLE PAUL S. DIAMOND as to LUIS ALBERTO ROSADO, LUIS ALGARIN-TORRES, MILTON FUENTES, JANICE TORRES, ASHLEY CRUZ FOR ALL FURTHER PROCEEDINGS. JUDGE HONORABLE J. CURTIS JOYNER NO LONGER ASSIGNED TO CASE. Signed by CHIEF JUDGE JUAN R. SANCHEZ on 7/28/2021.7/28/2021 Entered and Copies E-Mailed. (tomg, ) (Entered: 07/28/2021) |
| 09/15/2021 | 247 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 11/10/2021 at 2:00 PM before HONORABLE PAUL S. DIAMOND. (lk, ) (Entered: 09/15/2021) |
| 09/17/2021 | 248 | Second MOTION to Continue Sentence by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 09/17/2021) |
| 09/21/2021 | 249 | RESPONSE to Motion by LUIS ALGARIN-TORRES re 200 MOTION in Limine *TO ADMIT DEFENDANT LUIS ALGARIN-TORRESS GUILTY PLEAS TO AND OTHER EVIDENCE OF CERTAIN DRUG-RELATED OFFENSES UNDER FEDERAL RULES OF EVIDENCE 401, 402 AND 404(b)* (ALVA, JEREMY-EVAN) (Entered: 09/21/2021) |
| 09/23/2021 | 250 | ORDER THAT THE GOVERNMENT'S MOTION IN LIMINE TOADMIT CERTAIN EVIDENCE 200 IS GRANTED AS OUTLINED HEREIN AS TO ALGARIN-TORRES (2). Signed by HONORABLE PAUL S. DIAMOND on 9/23/21.9/23/21 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 09/23/2021) |
| 10/07/2021 | 252 | Fifth MOTION to Continue by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 10/07/2021) |
| 10/18/2021 | 253 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - JURY TRIAL SET FOR 10/25/2021 HAS BEEN POSTPONED UNTIL 1/25/2022 at 9:30 AM BEFORE HONORABLE PAUL S. DIAMOND; FINAL PRETRIAL CONFERENCE SET FOR 1/19/2022 AT 9:30 AM BEFORE HONORABLE PAUL S. DIAMOND. (lk, ) (Entered: 10/18/2021) |
| 10/18/2021 | 255 | ORDER THAT DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL 252 IS GRANTED. A CRIMINAL JURY TRIAL SHALL COMMENCE ON JANUARY 25, 2022 AT 9:30 A.M. AS TO LUIS ALGARIN-TORRES (2). Signed by |

| | | |
|---|---|---|
| | | HONORABLE PAUL S. DIAMOND on 10/18/21.10/19/21 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 10/19/2021) |
| 10/18/2021 | 256 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALGARIN-TORRES THAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE. DUE TO SERIOUS NEW DEVELOPMENTS AND THE NEED FOR DEFENSE TO EFFECTIVELY PREPARE FOR TRIAL. THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED UNTIL JANUARY 25, 2022. Signed by HONORABLE PAUL S. DIAMOND on 10/18/21.10/19/21 Entered and Copies E-Mailed. (mac, ) (Entered: 10/19/2021) |
| 10/18/2021 | 257 | SCHEDULING ORDER AS TO LUIS ALGARIN-TORRES THAT THE ABOVE-CAPTIONED CASE IS LISTED FOR TRIAL ON JANUARY 25, 2022 AT 9:30 A.M., IN COURTROOM 14A, ETC. Signed by HONORABLE PAUL S. DIAMOND on 10/18/21.10/19/21 Entered and Copies E-Mailed. (mac, ) (Entered: 10/19/2021) |
| 11/08/2021 | 258 | ORDER AS TO LUIS ALGARIN-TORRES THAT DEFENDANT'S MOTION TO CONTINUE SENTENCING IS GRANTED. THE SENTENCING SHALL TAKE PLACE ON FEBRUARY 23, 2022 AT 11:00 A.M. Signed by HONORABLE PAUL S. DIAMOND on 11/8/21.11/8/21 Entered and Copies E-Mailed. (mac, ) (Entered: 11/08/2021) |
| 11/08/2021 | 259 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 11/10/2021 has been postponed until 2/23/2022 at 11:00 AM before HONORABLE PAUL S. DIAMOND. (lk, ) (Entered: 11/08/2021) |
| 11/23/2021 | 261 | SEALED MOTION FILED BY USA AS TO LUIS ALGARIN-TORRES, CERTIFICATE OF SERVICE. (mac, ) (mac, ). (Entered: 11/23/2021) |
| 11/23/2021 | 262 | SEALED ORDER AS TO LUIS ALGARIN-TORRES. Signed by HONORABLE PAUL S. DIAMOND on 11/23/21.11/23/21 Entered and Copies Mailed.(mac, ) (mac, ). (Entered: 11/23/2021) |
| 12/13/2021 | 265 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 2/23/22 has been postponed until 3/8/2022 at 2:00 PM before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 12/13/2021) |
| 12/23/2021 | 266 | TRANSCRIPT OF CHANGE OF PLEA HEARING held on 3/14/2019, before Judge J. CURTIS JOYNER. Court Reporter: ESR. Transcribed by: TK TRANSCRIBERS. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/13/2022. Redacted Transcript Deadline set for 1/23/2022. Release of Transcript Restriction set for 3/23/2022. (tomg, ) (Entered: 12/23/2021) |
| 12/23/2021 | 267 | Notice of Filing of Official Transcript with Certificate of Service re 266 Transcript - PDF,, 12/23/2021 Entered and Copies Emailed. (tomg, ) (Entered: 12/23/2021) |
| 01/03/2022 | 268 | Proposed Voir Dire by USA as to LUIS ALGARIN-TORRES(RICE, JESSICA) (Entered: 01/03/2022) |

VOL I APPX0028

| 01/03/2022 | 269 | Proposed Jury Instructions by USA as to LUIS ALGARIN-TORRES(RICE, JESSICA) (Entered: 01/03/2022) |
|---|---|---|
| 01/03/2022 | 270 | Jury Verdict Sheet as to LUIS ALGARIN-TORRES.(RICE, JESSICA) (Entered: 01/03/2022) |
| 01/03/2022 | 271 | SEALED TRIAL MEMORANDUM by USA as to LUIS ALGARIN-TORRES, CERTIFICATE OF SERVICE.(mac, ) (mac, ). (Entered: 01/04/2022) |
| 01/03/2022 | 272 | SEALED MOTION FILED BY USA AS TO LUIS ALGARIN-TORRES, CERTIFICATE OF SERVICE. (mac, ) (mac, ). (Entered: 01/04/2022) |
| 01/04/2022 | 273 | MOTION to Continue *Trial* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 01/04/2022) |
| 01/10/2022 | 274 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - JURY TRIAL SET FOR 1/25/2022 HAS BEEN POSTPONED UNTIL 4/19/2022 AT 9:30 AM BEFORE HONORABLE PAUL S. DIAMOND; FINAL PRETRIAL CONFERENCE SET FOR 1/19/2022 HAS BEEN POSTPONED UNTIL 4/13/2022 AT 2:00 PM BEFORE HONORABLE PAUL S. DIAMOND. (lk) (Entered: 01/10/2022) |
| 01/10/2022 | 275 | ORDER THAT DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL 273 IS GRANTED. A CRIMINAL JURY TRIAL SHALL COMMENCE ON APRIL 19, 2022 AT 9:30 A.M. AS TO LUIS ALGARIN-TORRES (2). Signed by HONORABLE PAUL S. DIAMOND on 1/10/22.1/10/22 ENTERED AND COPIES E-MAILED.(mac) (Entered: 01/10/2022) |
| 01/10/2022 | 276 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALGARIN-TORRES TTHAT THE COURT FINDS THAT THE ABOVE ACTION CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE OF THE FOLLOWING REASON: THE FAILURE TO GRANT SUCH A CONTINUANCE IN THE PROCEEDING WOULD BE LIKELY TO MAKE A CONTINUATION OF SUCH PROCEEDING IMPOSSIBLE, OR RESULT IN A MISCARRIAGE OF JUSTICE. DEFENSE REQUIRES ADDITIONAL TIME DUE TO SERIOUS NEW DEVELOPMENTS, THE NEED FOR DEFENSE TO EFFECTIVELY PREPARE FOR TRIAL AND TO SALVAGE THE RELATIONSHIP WITH DEFENDANT AND PROCEED TO EFFECTIVELY REPRESENT HIS CLIENT THE COURT FINDS THAT THE ENDS OF JUSTICE SERVED BY GRANTING THIS CONTINUANCE OUTWEIGH THE BEST INTERESTS OF THE PUBLIC AND THE DEFENDANT IN A SPEEDY TRIAL AND, THEREFORE, ORDERS THIS CASE CONTINUED UNTIL APRIL 19, 2022. Signed by HONORABLE PAUL S. DIAMOND on 1/10/22.1/10/22 Entered and Copies E-Mailed. (mac) (Entered: 01/10/2022) |
| 01/10/2022 | 277 | SCHEDULING ORDER AS TO LUIS ALGARIN-TORRES THAT THE ABOVE-CAPTIONED CASE IS LISTED FOR TRIAL ON APRIL 19, 2022 AT 9:30 A.M., IN COURTROOM 14A, ETC. Signed by HONORABLE PAUL S. DIAMOND on 1/10/22.1/10/22 Entered and Copies E-Mailed. (mac) (Entered: 01/10/2022) |
| 01/24/2022 | 281 | SEALED ORDER AS TO LUIS ALGARIN-TORRES (2). Signed by HONORABLE PAUL S. DIAMOND on 1/24/22.1/24/22 ENTERED AND COPIES MAILED.(mac) (mac). (Entered: 01/24/2022) |
| 02/16/2022 | 282 | Sealed E-Mail as to LUIS ALGARIN-TORRES. (mac) (mac). (Entered: 02/16/2022) |
| 02/16/2022 | 283 | SEALED ORDER AS TO LUIS ALGARIN-TORRES. Signed by HONORABLE PAUL S. DIAMOND on 2/16/22.2/16/22 Entered and Copies Not Mailed. (mac) (mac). (Entered: 02/16/2022) |

VOL I APPX0029

| | | |
|---|---|---|
| 02/17/2022 | | DOC. NO. 283 MAILED TO COUNSEL AS TO LUIS ALGARIN-TORRES (ems) (Entered: 02/17/2022) |
| 02/24/2022 | 284 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 3/8/2022 has been postponed until 8/17/2022 at 10:00 AM via videoconference before the HONORABLE PAUL S. DIAMOND. (lk) (Entered: 02/24/2022) |
| 04/11/2022 | 287 | NOTICE re: Cancellation of Hearing - Jury Trial scheduled for April 19, 2022 is postponed to a date to be determined; Final Pretrial Conference scheduled for April 13, 2022 is postponed to a date to be determined. (lk) (Entered: 04/11/2022) |
| 04/12/2022 | 288 | ORDER AS TO LUIS ALGARIN-TORRES THAT THE JURY TRIAL SCHEDULED TO BEGIN ON APRIL 19, 2022 BE POSTPONED TO A DATE TO BE DETERMINED. Signed by HONORABLE PAUL S. DIAMOND on 4/11/22.4/11/22 Entered and Copies E-Mailed. (mac) (Entered: 04/12/2022) |
| 04/20/2022 | 289 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - JURY TRIAL SET FOR 4/19/2022 HAS BEEN POSTPONED UNTIL 9/20/2022 AT 9:30 AM BEFORE HONORABLE PAUL S. DIAMOND; FINAL PRETRIAL CONFERENCE SET FOR 4/13/2022 HAS BEEN POSTPONED UNTIL 9/14/2022 AT 2:00 PM BEFORE HONORABLE PAUL S. DIAMOND. (lk) (Entered: 04/20/2022) |
| 04/20/2022 | 290 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALGARIN-TORRES THAT THIS CASE IS CONTINUED UNTIL SEPTEMBER 20, 2022, ETC. Signed by HONORABLE PAUL S. DIAMOND on 4/18/22.4/20/22 Entered and Copies E-Mailed. (mac) (Entered: 04/20/2022) |
| 04/20/2022 | 291 | SCHEDULING ORDER AS TO LUIS ALGARIN-TORRES THAT THE ABOVE-CAPTIONED CASE LISTED FOR TRIAL ON SEPTEMBER 20, 2022 AT 9:30 A.M. IN COURTROOM 14A, ETC. Signed by HONORABLE PAUL S. DIAMOND on 4/20/22.4/20/22 Entered and Copies E-Mailed. (mac) (Entered: 04/20/2022) |
| 05/17/2022 | 293 | Sixth MOTION to Continue Sentence by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 05/17/2022) |
| 05/23/2022 | 294 | ORDER AS TO LUIS ALGARIN-TORRES THAT DEFENDANT'S MOTION TO CONTINUE SENTENCING SCHEDULED FOR AUGUST 17, 2022 IS HEREBY GRANTED, ETC. Signed by HONORABLE PAUL S. DIAMOND on 5/23/22.5/24/22 Entered and Copies E-Mailed. (mac) (Entered: 05/24/2022) |
| 06/02/2022 | 295 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES- Sentencing set for 8/17/2022 HAS BEEN POSTPONED UNTIL 10/12/2022 at 2:00 PM before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 06/02/2022) |
| 07/28/2022 | 298 | NOTICE OF ATTORNEY APPEARANCE MEGHAN E. CLAIBORNE appearing for USA. (CLAIBORNE, MEGHAN) (Entered: 07/28/2022) |
| 09/06/2022 | 301 | STIPULATION by USA (IGNALL, DAVID) (Entered: 09/06/2022) |
| 09/12/2022 | 302 | Seventh MOTION to Continue *Trial* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 09/12/2022) |

VOL I APPX0030

| 09/16/2022 | 303 | ORDER AS TO LUIS ALGARIN-TORRES THAT THE DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL (DOC. NO. 302) IS GRANTED. A CRIMINAL JURY TRIAL IN THE ABOVE CAPTIONED MATTER SHALL COMMENCE ON NOVEMBER 8, 2022 AT 9:30 A.M.. Signed by HONORABLE PAUL S. DIAMOND on 9/16/2022. 9/16/2022 Entered and Copies E-Mailed. (ems) (Entered: 09/16/2022) |
|---|---|---|
| 09/23/2022 | 304 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - JURY TRIAL SET FOR 9/20/2022 HAS BEEN POSTPONED UNTIL 11/8/2022 AT 9:30 AM BEFORE HONORABLE PAUL S. DIAMOND; FINAL PRETRIAL CONFERENCE SET FOR SEPTEMBER 14, 2022 HAS BEEN POSTPONED UNTIL 11/2/2022 AT 02:00 PM BEFORE HONORABLE PAUL S. DIAMOND. (lk) (Entered: 09/23/2022) |
| 09/23/2022 | 305 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALGARIN-TORRES THAT COUNSEL REQUIRES ADDITIONAL TIME TO PREPARE. THIS CASE IS CONTINUED UNTIL NOVEMBER 8, 2022 AT 9:30 A.M. Signed by HONORABLE PAUL S. DIAMOND on 9/23/22.9/23/22 Entered and Copies E-Mailed. (mac) (Entered: 09/23/2022) |
| 09/23/2022 | 306 | SCHEDULING ORDER AS TO LUIS ALGARIN-TORRES THAT THE ABOVE CAPTIONED-CASE IS LISTED FOR TRIAL ON NOVEMBER 8, 2022 AT 9:30 A.M., IN COURTROOM 14A, ETC. Signed by HONORABLE PAUL S. DIAMOND on 9/23/22.9/23/22 Entered and Copies E-Mailed. (mac) (Entered: 09/23/2022) |
| 09/23/2022 | 307 | Fifth MOTION to Continue Sentence by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 09/23/2022) |
| 09/26/2022 | 308 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES -Sentencing set for 10/12/2022 has been postponed until 1/9/2023 at 2:00 PM before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 09/26/2022) |
| 09/26/2022 | 309 | ORDER THAT DEFENDANT'S MOTION TO CONTINUE SENTENCING 307 IS GRANTED. THE SENTENCING SHALL BE CONTINUED UNTIL JANUARY 9, 2023 AT 2:00 P.M. AS TO LUIS ALGARIN-TORRES (2). Signed by HONORABLE PAUL S. DIAMOND on 9/26/22.9/26/22 ENTERED AND COPIES E-MAILED.(mac) (Entered: 09/26/2022) |
| 11/01/2022 | 310 | NOTICE re: Cancellation of Hearing - Final Pretrial Conference scheduled for 11/2/2022 is cancelled. (lk) (Entered: 11/01/2022) |
| 11/16/2022 | 311 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES- JURY TRIAL SET FOR 11/8/2022 HAS BEEN POSTPONED UNTIL 12/20/2022 AT 9:30 AM IN Courtroom 14A BEFORE HONORABLE PAUL S. DIAMOND; FINAL PRETRIAL CONFERENCE SET FOR 11/2/2022 HAS BEEN POSTPONED UNTIL 12/14/2022 AT 2:00 PM IN Courtroom 14A BEFORE HONORABLE PAUL S. DIAMOND. (lk) (Entered: 11/16/2022) |
| 11/16/2022 | 312 | Eighth MOTION to Continue *Trial* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 11/16/2022) |
| 12/13/2022 | 313 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - JURY TRIAL SET FOR 12/20/2022 HAS BEEN POSTPONED UNTIL 3/28/2023 AT 9:30 AM IN Courtroom 14A BEFORE HONORABLE PAUL S. DIAMOND; FINAL PRETRIAL CONFERENCE SET FOR 12/14/2022 HAS BEEN POSTPONED UNTIL 3/22/2023 AT 2:00 PM IN Courtroom 14A BEFORE HONORABLE PAUL S. DIAMOND. (lk) (Entered: 12/13/2022) |

VOL I APPX0031

| 12/13/2022 | 314 | ORDER THAT DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE 312 IS GRANTED. A CRIMINAL JURY TRIAL SHALL COMMENCE ON MARCH 28, 2023 AT 9:30 A.M. AS TO LUIS ALGARIN-TORRES (2). Signed by HONORABLE PAUL S. DIAMOND on 12/13/22.12/14/22 ENTERED AND COPIES E-MAILED.(mac) (Entered: 12/14/2022) |
|---|---|---|
| 12/13/2022 | 315 | ORDER TO CONTINUE - ENDS OF JUSTICE PURSUANT TO 18 U.S.C. SECTION 3161(h)(7)(A)(B) AS TO LUIS ALGARIN-TORRES THAT COUNSEL REQUIRES ADDITIONAL TIME TO PREPARE FOR TRIAL, COUNSEL IS SCHEDULED TO BE AWAY ON A PREVIOUSLY SCHEDULED FAMILY VACATION. CASE CONTINUED UNTIL MARCH 28, 2023 AT 9:30 A.M. Signed by HONORABLE PAUL S. DIAMOND on 12/13/22.12/14/22 Entered and Copies E-Mailed. (mac) (Entered: 12/14/2022) |
| 12/13/2022 | 316 | SCHEDULING ORDER AS TO LUIS ALGARIN-TORRES THAT THE ABOVE CAPTIONED-CASE IS LISTED FOR TRIAL ON MARCH 28, 2023 IN COURTROOM 14A, ETC. Signed by HONORABLE PAUL S. DIAMOND on 12/13/22.12/14/22 Entered and Copies E-Mailed. (mac) (Entered: 12/14/2022) |
| 12/14/2022 | 317 | Seventh MOTION to Continue Sentence by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 12/14/2022) |
| 12/20/2022 | 318 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 1/9/2023 has been postponed until 5/1/2023 at 2:00 PM in Courtroom 14A before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 12/20/2022) |
| 12/20/2022 | 319 | ORDER AS TO LUIS ALGARIN-TORRES THAT DEFENDANT'S MOTION TO CONTINUE SENTENCING IS GRANTED. THE SENTENCING SHALL BE CONTINUED UNTIL MAY 1, 2023 AT 2:00 P.M. Signed by HONORABLE PAUL S. DIAMOND on 12/20/22.12/20/22 Entered and Copies E-Mailed. (mac) (Entered: 12/20/2022) |
| 12/21/2022 | 320 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 5/1/2023 AT 2:00 PM in Courtroom 14A before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 12/21/2022) |
| 03/22/2023 | 321 | Minute Entry for proceedings held before HONORABLE PAUL S. DIAMOND in Courtroom 14A: Final Pretrial Conference as to LUIS ALGARIN-TORRES held on 3/22/23. Court addressed counsel. Discussions regarding trial.Court Reporter ESR.(mac) (Entered: 03/22/2023) |
| 03/27/2023 | 322 | WAIVER OF INDICTMENT as to LUIS ALGARIN-TORRES (mac) (Entered: 03/27/2023) |
| 03/27/2023 | 323 | Minute Entry for proceedings held before HONORABLE PAUL S. DIAMOND in Courtroom 14A:Final Pretrial Conference as to LUIS ALGARIN-TORRES held on 3/27/23. Court addressed counsel. Trial will begin on March 28, 2023 at 9:30 a.m.Court Reporter ESR.(mac) (Entered: 03/27/2023) |
| 03/28/2023 | 324 | Minute Entry for proceedings held before HONORABLE PAUL S. DIAMOND in Courtroom 14A:Jury Trial day 1 held on 3/28/23 as to LUIS ALGARIN-TORRES. Voir dire begins. Opening statements. Witnesses called and sworn.Court Reporter ESR.(mac) (Entered: 03/29/2023) |
| 03/30/2023 | 325 | Minute Entry for proceedings held before HONORABLE PAUL S. DIAMOND in Courtroom 14A: Criminal Jury Trial - Day 2 as to LUIS ALGARIN-TORRES held on 3/29/23. Witnesses called and sworn. Government rests.Court Reporter ESR.(mac) (Entered: 03/30/2023) |

VOL I APPX0032

| 03/31/2023 | [326](#) | Minute Entry for proceedings held before HONORABLE PAUL S. DIAMOND in Courtroom 14A:Trial - Day 3 Verdict as to LUIS ALGARIN-TORRES (2) held on 3/31/23. Closings. Court charges the jury. Verdict - Counts 24s,25s - Guilty. Defendant remanded.Court Reporter ESR.(mac) (Entered: 04/03/2023) |
|---|---|---|
| 04/03/2023 | [327](#) | Jury Verdict Form as to LUIS ALGARIN-TORRES.(mac) (Entered: 04/03/2023) |
| 04/03/2023 | [328](#) | Supplemental Jury Verdict Form as to LUIS ALGARIN-TORRES.(mac) (Entered: 04/03/2023) |
| 04/03/2023 | [329](#) | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 7/25/2023 at 2:00 PM in Courtroom 14A before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 04/03/2023) |
| 04/04/2023 | [330](#) | ORDER THAT THE CLERK OF COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA BE AND HE IS HEREBY DIRECTED TO FURNISH LUNCH AND WATER FOR 14 JURORS ON MARCH 31, 2023. Signed by HONORABLE PAUL S. DIAMOND on 3/31/23.4/4/23 Entered. (mac) (Entered: 04/04/2023) |
| 04/13/2023 | [331](#) | TRANSCRIPT OF FINAL PRETRIAL CONFERENCE held on 3/22/2023, before Judge PAUL S. DIAMOND. Court Reporter: ESR. TRANSCRIBED BY: O'CONNOR LEGAL, MEDICAL & MEDIA SERVICES, INC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/4/2023. Redacted Transcript Deadline set for 5/15/2023. Release of Transcript Restriction set for 7/12/2023. (tomg) (Entered: 04/13/2023) |
| 04/13/2023 | [332](#) | Notice of Filing of Official Transcript with Certificate of Service re [331](#) Transcript - PDF,, 4/13/2023 Entered and Copies Emailed.(tomg) (Entered: 04/13/2023) |
| 05/01/2023 | [333](#) | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 7/25/2023 at 2:00 PM in Courtroom 14A before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 05/01/2023) |
| 07/06/2023 | [334](#) | Fourth MOTION to Continue Sentence by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 07/06/2023) |
| 07/17/2023 | [335](#) | ORDER AS TO LUIS ALGARIN-TORRES THAT DEFENDANT'S MOTION TO CONTINUE SENTENCING IS GRANTED, ETC. Signed by HONORABLE PAUL S. DIAMOND on 7/17/23.7/18/23 Entered and Copies E-Mailed. (mac) (Entered: 07/18/2023) |
| 07/19/2023 | [336](#) | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 7/25/2023 has been postponed until 9/21/2023 at 11:00 AM in Courtroom 14A before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 07/19/2023) |
| 09/11/2023 | [337](#) | Supplemental SENTENCING MEMORANDUM Certificate of Service by LUIS ALGARIN-TORRES (ALVA, JEREMY-EVAN) (Entered: 09/11/2023) |
| 09/14/2023 | [338](#) | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 9/21/2023 has been postponed until 10/23/2023 at 2:00 PM in Courtroom 14A before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 09/14/2023) |
| 10/16/2023 | [339](#) | SENTENCING MEMORANDUM certificate of service by USA as to LUIS ALGARIN-TORRES (IGNALL, DAVID) (Entered: 10/16/2023) |
| 10/19/2023 | [340](#) | MOTION to Continue Sentence *Sentencing* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 10/19/2023) |

VOL I APPX0033

| 10/20/2023 | 341 | ORDER AS TO LUIS ALGARIN-TORRES THAT DEFENDANT'S MOTION TO CONTINUE SENTENCING SCHEDULED FOR OCTOBER 23, 2023 IS GRANTED, ETC. Signed by HONORABLE PAUL S. DIAMOND on 10/20/23.10/20/23 Entered and Copies E-Mailed. (mac) (Entered: 10/20/2023) |
| 10/26/2023 | 342 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 10/23/2023 has been postponed until 1/8/2024 at 2:00 PM before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 10/26/2023) |
| 11/20/2023 | 343 | TRANSCRIPT OF JURY TRIAL - DAY 1 - VOIR DIRE held on 3/28/2023, before Judge PAUL S. DIAMOND. Court Reporter: ESR. TRANSCRIBED BY: O'CONNOR LEGAL, MEDICAL & MEDIA SERVICES, INC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/11/2023. Redacted Transcript Deadline set for 12/21/2023. Release of Transcript Restriction set for 2/18/2024. (tomg) (Entered: 11/20/2023) |
| 11/20/2023 | 344 | TRANSCRIPT OF JURY TRIAL - DAY 1 held on 3/28/2023, before Judge PAUL S. DIAMOND. Court Reporter: ESR. TRANSCRIBED BY: O'CONNOR LEGAL, MEDICAL & MEDIA SERVICES, INC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/11/2023. Redacted Transcript Deadline set for 12/21/2023. Release of Transcript Restriction set for 2/18/2024. (tomg) (Entered: 11/20/2023) |
| 11/20/2023 | 345 | TRANSCRIPT OF JURY TRIAL - DAY 2 held on 3/29/2023, before Judge PAUL S. DIAMOND. Court Reporter: ESR. TRANSCRIBED BY: O'CONNOR LEGAL, MEDICAL & MEDIA SERVICES, INC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/11/2023. Redacted Transcript Deadline set for 12/21/2023. Release of Transcript Restriction set for 2/18/2024. (tomg) (Entered: 11/20/2023) |
| 11/20/2023 | 346 | TRANSCRIPT OF JURY TRIAL - DAY 3 held on 3/31/2023, before Judge PAUL S. DIAMOND. Court Reporter: ESR. TRANSCRIBED BY: O'CONNOR LEGAL, MEDICAL & MEDIA SERVICES, INC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/11/2023. Redacted Transcript Deadline set for 12/21/2023. Release of Transcript Restriction set for 2/18/2024. (tomg) (Entered: 11/20/2023) |
| 11/20/2023 | 347 | Notice of Filing of Official Transcript with Certificate of Service re 346 Transcript - PDF,, 343 Transcript - PDF,, 345 Transcript - PDF,, 344 Transcript - PDF,, 11/20/2023 Entered and Copies Emailed. (tomg) (Entered: 11/20/2023) |
| 12/01/2023 | 348 | First MOTION for Acquittal *Pursuant to Rule 29* by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 12/01/2023) |
| 12/18/2023 | 349 | RESPONSE in Opposition re 348 First MOTION for Acquittal *Pursuant to Rule 29* filed by USA (IGNALL, DAVID) (Entered: 12/18/2023) |
| 01/05/2024 | 350 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES- Sentencing set for 1/8/2023 has been postponed until 1/29/2024 at 2:00 PM in Courtroom 14A before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 01/05/2024) |
| 01/15/2024 | 351 | MOTION to Continue Sentence by LUIS ALGARIN-TORRES. (ALVA, JEREMY-EVAN) (Entered: 01/15/2024) |

VOL I APPX0034

| 01/31/2024 | 352 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES- Sentencing set for 1/29/2024 has been postponed until 3/20/2024 at 2:00 PM in Courtroom 14A before HONORABLE PAUL S. DIAMOND. (lk) (Entered: 01/31/2024) |
|---|---|---|
| 01/31/2024 | 353 | ORDER AS TO LUIS ALGARIN-TORRES THAT DEFENDANT'S MOTION FOR CONTINUANCE OF SENTENCING IS GRANTED. SENTENCING HAS BEEN CONTINUED UNTIL MARCH 20, 2024, AT 2:00 P.M. Signed by HONORABLE PAUL S. DIAMOND on 1/31/24.1/31/24 Entered and Copies E-Mailed. (mac) (Entered: 01/31/2024) |
| 02/21/2024 | 354 | MEMORANDUM OPINION AS TO LUIS ALGARIN-TORRES. Signed by DISTRICT JUDGE PAUL S. DIAMOND on 2/21/24.2/21/24 Entered and Copies E-Mailed. (mac) (Entered: 02/21/2024) |
| 02/21/2024 | 355 | ORDER AS TO LUIS ALGARIN-TORRES THAT THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL IS DENIED. Signed by DISTRICT JUDGE PAUL S. DIAMOND on 2/21/24.2/21/24 Entered and Copies E-Mailed. (mac) (Entered: 02/21/2024) |
| 03/14/2024 | 356 | Letter as to LUIS ALGARIN-TORRES (ALVA, JEREMY-EVAN) (Entered: 03/14/2024) |
| 03/19/2024 | 357 | NOTICE OF HEARING as to LUIS ALGARIN-TORRES - Sentencing set for 3/20/2024 WILL NOW TAKE PLACE AT 1:00 PM (not 2:00 P.M.) in Courtroom 14A before DISTRICT JUDGE PAUL S. DIAMOND. (lk) (Entered: 03/19/2024) |
| 03/25/2024 | 358 | TRANSCRIPT: Sentencing Hearing held on 3/20/24, before Judge PAUL S. DIAMOND. Court Reporter/Transcriber ESR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/15/2024. Redacted Transcript Deadline set for 4/25/2024. Release of Transcript Restriction set for 6/24/2024. Transcriber: Transcripts Plus, Inc.(mac) (Entered: 03/25/2024) |
| 03/25/2024 | 359 | Notice of Filing of Official Transcript with Certificate of Service re 358 Transcript - PDF,, 3/25/24 Entered and Copies Emailed. (mac) (Entered: 03/25/2024) |
| 03/27/2024 | 360 | Minute Entry for proceedings held before DISTRICT JUDGE PAUL S. DIAMOND in Courtroom 14A:Sentencing held on 3/20/24 for LUIS ALGARIN-TORRES for LUIS ALGARIN-TORRES (2), Count(s) 10s, 12ss, 14s, 16s, 19s, 8s, LESSER INCLUDED OFFENSE; Count(s) 11s, 13s, 15s, 17s, 20s, 9s, IMPRISONMENT: 262 MONTHS; SUPERVISED RELEASE: 6 YEARS; SPECIAL ASSESSMENT: $1100.00; Count(s) 1s, IMPRISONMENT: 60 MONTHS; SUPERVISED RELEASE: 6 YEARS; SPECIAL ASSESSMENT: $1100.00; Count(s) 22s, 23s, IMPRISONMENT: 240 MONTHS; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00; Count(s) 24s, IMPRISONMENT: 360 MONTHS CONSECUTIVE; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00; Count(s) 25s, IMPRISONMENT: 120 MONTHS; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00. DEFENDANT SHALL REMAIN IN CUSTODY. DEFENDANT NOTICED OF RIGHT TO APPEAL.Court Reporter ESR.(mac) (Entered: 03/27/2024) |
| 03/27/2024 | 361 | JUDGMENT AS TO LUIS ALGARIN-TORRES (2), Count(s) 10s, 12ss, 14s, 16s, 19s, 8s, LESSER INCLUDED OFFENSE; Count(s) 11s, 13s, 15s, 17s, 20s, 9s, IMPRISONMENT: 262 MONTHS; SUPERVISED RELEASE: 6 YEARS; SPECIAL ASSESSMENT: $1100.00; Count(s) 1s, IMPRISONMENT: 60 MONTHS; SUPERVISED RELEASE: 6 YEARS; SPECIAL ASSESSMENT: $1100.00; Count(s) 22s, 23s, IMPRISONMENT: 240 MONTHS; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00; Count(s) 24s, IMPRISONMENT: 360 MONTHS |

VOL I APPX0035

| | | |
|---|---|---|
| | | CONSECUTIVE; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00; Count(s) 25s, IMPRISONMENT: 120 MONTHS; SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT: $1100.00. Signed by DISTRICT JUDGE PAUL S. DIAMOND on 3/27/24.3/27/24 Entered and Copies E-Mailed. (mac) (Entered: 03/27/2024) |
| 03/28/2024 | 362 | PRO SE NOTICE OF APPEAL by LUIS ALGARIN-TORRES re 361 Judgment,,, (NO ENVELOPE ATTACHED) (NO FILING FEE PAID) (mac) (Entered: 03/28/2024) |
| 04/01/2024 | 363 | NOTICE of Docketing Record on Appeal from USCA as to LUIS ALGARIN-TORRES re 362 Notice of Appeal - Final Judgment filed by LUIS ALGARIN-TORRES. USCA Case Number 24-1589 (mac) (Entered: 04/01/2024) |
| 05/30/2024 | 364 | Filing fee: $ 605, receipt number 20020525 (mac) (Entered: 05/30/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/16/2024 07:58:08 | | |
| **PACER Login:** | tmosser8924 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-cr-00180-PD |
| **Billable Pages:** | 21 | **Cost:** | 2.10 |

VOL I APPX0036

## <u>CERTIFICATE OF SERVICE</u>

The attached document was e-filed, this 16th Day of September 2024, and served on all parties electronically through the e-filing system. Time stamped hard copies are also being mailed via first class mail to the Clerk of Courts and all counsel at their address of record.

**RESPECTFULLY SUBMITTED**

**_____/Todd M. Mosser_____**
**TODD M. MOSSER**
**ATTORNEY ID #87534**

9/16/24